W. B. THORNBURG, RESPONDENT, *v.* LUCIEN HER-
MANN, APPELLANT.

Jurors are entitled to compensation for the time they are in attendance on the
Court, whether empanneled for the trial of causes or not, except when they are
empanneled in the trial of criminal cases and they reside within five miles of the
Court-house.

The Act of the Legislature approved December 22, 1862, regulating fees and costs,
not having been approved until after the adjournment of the Legislature, is null
and void.

A juror's claim for fees on the certificate of the Clerk should be audited like any
other demand against the county.

APPEAL from the District Court of the First Judicial Dis-
trict, State of Nevada, Storey County, Hon. R. S. MESICK pre-
siding.

The Court below found the following facts :

*First*—That the defendant is the County Clerk of Storey
County, State of Nevada, and ex-officio Clerk of the District
Court, First Judicial District, in and for Storey County, State
of Nevada.

*Second*—That the plaintiff was summoned as a juror in said
District Court aforesaid, on the 27th day of December, A. D.
1864, after having been duly drawn as provided by law. That
he served as a juror in said Court from that date until the 23d
day of February, A. D. 1865, amounting in all to fifty-eight
days, deducting eight Sundays which intervened during this
period, and two days for which he was excused by the Court
from attendance, leaving forty-eight days for which he is entitled
to pay as a juror.

*Third*—That for thirty days of the said forty-eight he has
received no pay or remuneration whatever.

Judgment for petitioner ; defendant appeals.

*Dighton Corson* Attorney for Appellant.

We contend that respondent was not entitled to a certificate
for the thirty days he was in attendance upon the Court, but not
actually engaged in the trial of causes, for the reason that by
a fair construction of the statute, a juror is only entitled to pay
for the time he is engaged in the trial of causes, and that if

the sum he receives from litigants is not equal to three dollars per day for the time he is so engaged in the trial of causes, then the county must make up the deficiency. (Sec. 9, chap. 57, Statutes of 1861, p. 251.)

Respondent was not entitled to any pay for his services in the trial of criminal causes, as the record does not show that he resided more than five miles from the Court-house. (See sec. 9, last clause.)

Act of 1862 in regard to jurors' fees was not in force, as that Act was not approved by the Governor until after the adjournment of the Legislature.

*Quint & Hardy* and *W. T. Barbour* for Respondent.


Opinion by LEWIS, C. J., full Bench concurring.

The relator, Thornburg, in his petition to the District Court of Storey County for mandamus, sets forth the following facts:

That having been duly summoned to appear in the District Court of the First Judicial District, to act as a trial juror, he attended said Court in that capacity from the 27th day of December, 1864, to the 23d day of February, 1865; that for thirty-three days of the time he so attended the Court, he has received no fees or compensation whatever; that the balance remaining due to him and unpaid, amounts to the sum of one hundred and sixty-five dollars. It is also shown that the appellant, Lucien Hermann, was at the time of rendering such service, and now is, the County Clerk of the County of Storey, and also the Clerk of said District Court; that as such Clerk it is his duty to give him, the petitioner, a certificate of the time for which he was so entitled to receive pay for his services as juror; that he demanded such certificate of the respondent, but that he, the said Lucien Hermann, has wholly failed, neglected and refused to issue such certificate to the petitioner. The appellant, after admitting in his answer that the petitioner was duly summoned to act as juror, as stated in his petition, denies all the remaining material allegations, and avers that three days is the entire time for which petitioner is

entitled to pay, and that he has ever been ready to issue a certificate to him for the amount actually due, which appellant claims is the sum of nine dollars.

The findings of fact by the Court are substantially in conformity with those set forth in the petition, except that the time for which petitioner did not receive compensation is found to be thirty instead of thirty-three days.

Upon these findings a mandamus was ordered to be issued as prayed for. The principal point of difference between the relator and the defendant Hermann, arises upon the construction of section 9 of an Act entitled "An Act to regulate fees and costs," approved November 29, A. D. 1861, the relator claiming that he is entitled to compensation for every day's attendance upon the Court, whether actually impanneled or not, and the appellant contending that by a fair construction of the statute he is only entitled to compensation for the time which he is actually employed in Court.

We may say in the outset, that the section referred to is extremely ambiguous, and that it is, perhaps, a moral impossibility to ascertain with any degree of certainty from the language employed, what the real intention of the Legislature was, and we know of no rule of interpretation which will favor one construction more than the other; we will be disposed, therefore, to adopt the construction which will seem most consonant to justice, and least likely to operate as a hardship upon individuals. After providing that jurors shall receive two dollars per day as fees from the party in whose favor the verdict is rendered, by the second clause of section 9 it is provided that "in the District Court and Probate Court the Clerk shall keep an account of all moneys received for trials by each juror during the term, and if the sum so received by such juror shall not amount to three dollars per day, he shall deliver to such juror a certificate of the time for which he is still entitled to receive pay, which shall be paid out of the County Treasury, as other county dues. No fees shall be allowed jurors in criminal cases, except Grand Jurors and Trial Jurors in the District Court, who may be allowed two dollars per day for each day's actual attendance, and twenty cents per mile from their residence to the County Court-house

only; provided, however, that they receive nothing unless they reside more than five miles from said County Court-house." This section clearly settles the compensation of jurors at three dollars per day (except when employed in the hearing of criminal cases), but whether that compensation is to be paid merely for the time when a juror is actually engaged, or for the full time which he is in attendance upon the Court, is left in doubt. If the amount which he receives from litigants does not "amount to three dollars per day, the Clerk is required to deliver to him a certificate of the time for which he is still entitled to receive pay."

And the question at once occurs, for what time is he entitled to pay? As a juror, when summoned to appear at a term of Court, is usually compelled to neglect his own private business and often to leave his home, and to incur extra expenses in consequence thereof, it is but a matter of simple justice that the public who require his services should award to him a reasonable compensation. That he may not have been actually engaged in the trial of a cause during a term can make no difference in the justice of his claim, for he is compelled to be in daily and constant attendance upon the Court and to hold himself in readiness at all times. A juror may be in daily attendance upon a Court for several months during the year, and from no fault of his may not be called upon to sit in a single case during that time. To hold that, under such circumstances, he would not be entitled to compensation, would be a hardship which, in the absence of a clear and unequivocal law, we have no disposition to sanction. It may be within the power of the Legislature to require the services of citizens in the capacity of jurors without providing any compensation, but where that has not been clearly done, and the existing laws can be so construed as to allow a fair remuneration, natural justice, which should be the foundation of all law, makes it the duty of the Courts to adopt such a construction.

As to jurors in criminal cases who reside within five miles of the Court-house, the law is clear and explicit, that they shall receive no compensation, and whatever may be the impolicy of such a provision we have no power to avoid it, but except in

such cases it must be admitted the intention of the Legislature is very uncertain.

We are therefore disposed to adopt what seems to be the most just rule, that jurors shall receive pay for the time they are in attendance at Court, except the time during which they may be impanneled in criminal cases.

We are aware that this construction may produce some absurd results, so will any construction which we can adopt not inconsistent with the language of the law, and it is the rule which all the Courts have heretofore acted upon. These difficulties in all future cases in the County of Storey are however obviated by the Act of 1864–5.

The Act approved December 23, 1862, regulating fees and costs, not having been approved before the adjournment of the Legislature, is null and void. (*School Trustees* v. *County Commissioners of Ormsby County*, present term of the Court.)

We think that the certificate of the Clerk to the juror should be audited like other claims against the county. It is expressly provided (Statutes of 1864–5, sec. 9, p. 259), that " every demand except the salary of the Auditor and District Judge or Judges shall be acted on by the Board of County Commissioners, and allowed or rejected in order of presentation, and must, after having been approved by the Board of County Commissioners before it can be paid, be presented to the County Auditor to be allowed." True, respondent's claim had become due before the passage of this law, but suit had not been commenced, and the requirement in no way affects the obligation of the contract in this case, but merely directs the manner in which it is to be enforced without in the least impairing the right. This case does not come within the rule of those cases relied on by respondent's counsel.

Judgment affirmed, with this modification, that the certificate be issued for thirty instead of thirty-three days.