THE PEOPLE *ex rel.* HEPBURN *v.* WHITMAN.*

The object of the words " Sunday excepted," in section 17, Art. IV of the Constitution, limiting the time within which the Governor may return a bill to the Legislature, without his approval, was to prevent the Governor from being deprived of one of the ten days, in case the last day should fall on Sunday, when, it being a holiday, he would lose the opportunity of returning the bill with his objections on that day.

Another Sunday occurring between the delivery of a bill to the Governor and its return by him, is to be counted as one of the ten days.

APPEAL from the District Court of the Sixth Judicial District.

This was an application for a peremptory *mandamus* upon the defendant, State Comptroller, commanding him to draw his warrants on the State Treasurer for $8,000 in favor of plaintiff, for compensation as Supreme Court Reporter, in pursuance of the provisions of an Act of the Legislature, taking effect March 22d, 1856.

The agreed statement shows that the Act referred to was passed by

---

* This case has been overruled, October Term, 1857, in the case of Price *v.*Whitman, it having been ascertained that the engrossed copy of the Constitution employs the words " Sundays excepted," instead of using the singular number, as found in the printed copies.

both houses of the Legislature, and was delivered to the Governor at noon, March 11th, 1856; that on the 22d of that month, at two o'clock P. M., the Act was returned by the Governor, without his approval, to the Assembly, where the bill originated, the veto message having been· signed not exceeding fifteen minutes before.

A judgment, or order *pro forma*, denying the application, was by consent entered by the Court below. The petitioner appealed.

The only question raised before this Court is, whether the bill was returned by the Governor without his approval in time, or whether the bill had become a law by lapse of time before the veto was sent in to the Legislature.

No briefs on file.

The opinion of the Court was delivered by Mr. Justice HEYDENFELDT. Mr. Chief Justice MURRAY concurred.

It is totally unnecessary for the purposes of this case, to determine whether, in the computation of time, the first day is to be included or not, although that is the main question which the counsellors on both sides have discussed.

They have both fallen into error in construing the words "Sunday excepted," in section 17, Art. IV of the Constitution. They have supposed that it meant any intervening Sunday within the ten days given to the Governor to approve or reject a bill from the Legislature. But such is not its meaning. The word "Sunday" is in the singular number, and yet two Sundays may happen within ten days. The plain object of the exception is to prevent the Governor from being deprived of one of the ten days, in case the last day should fall on Sunday, which being a holiday, would take away the opportunity of returning the bill with his objections on that day.

This is in consonance with the rule of the English Courts, where, in computing time, the last day is included, unless it fall on Sunday or some day which is *dies non juridicus.* 3 Chitty's Pr., 110.

It follows, that excluding the first day, the Act in question became a law the day before the veto of the Governor was sent to the Legislature.

The judgment is reversed and the cause remanded, with instructions to award a peremptory *mandamus* according to the prayer of the relation.