[No. 1,802.]

# M. C. TILDEN *v.* THE BOARD OF SUPERVISORS OF THE COUNTY OF SACRAMENTO.

BOARD OF SUPERVISORS.—A Board of Supervisors of a county, in allowing or disallowing a claim, exercise judicial functions.

WRIT OF MANDATE.—When a Board of Supervisors have acted on a claim, either by allowing or disallowing it, a writ of mandate will not be issued to reverse or review its judgment.

IDEM.—Before such writ can be properly awarded the Board must refuse to act upon the claim, after it has obtained jurisdiction of it.

IDEM.—A statute declaring that a Board of Supervisors shall not be sued in any action whatever, but that it may be proceeded against by mandamus, does not change the essential nature or office of the writ itself.

RESOLUTION OF BOARD OF SUPERVISORS REVOCABLE.—A resolution of a Board of Supervisors, after it has disallowed a claim, reciting that the services on which it is based have been performed by the claimant, but that the Board has doubts as to its legality, and directing the District Attorney to enter the appearance of the Board in any Court in which the claimant may commence an action to require the Board to allow the claim, which resolution is not agreed to or accepted by the claimant, is revocable at the pleasure of the Board.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The facts are stated in the opinion of the Court.

*James C. Goods,* District Attorney, and *Daniel J. Thomas,* for Appellant.

First—The Court had no jurisdiction in this proceeding to render any judgment except one of dismissal.

Second—If it had in this case power to render any judgment other than of dismissal, that power only extended to a direction to the Supervisors to act, and did not extend to an order to pay a specific sum of money. (*People* v. *El Dorado County,* 8 Cal. 61.)

Mandamus lies only "either to compel the performance of ministerial acts, or is addressed to subordinate judicial tribunals requiring them to exercise their functions and ren-

der some judgment in cases before them, when otherwise there would be a failure of justice from delay or refusal to act. But when the act to be done is judicial or discretionary, the Court will not direct what decision shall be made." (*Chase* v. *Blackstone Canal Co.*, 10 Pick. 244, cited as authority by this Court in *People* v. *Sexton*, 24 Cal. 83.)

"The mandate can proceed no further than to order them [the Supervisors] to take action on the report." (*People* v. *Lake Co.*, 33 Cal. 493; *Hastings* v. *San Francisco*, 18 Cal. 59; *People* v. *Pratt*, 28 Cal. 169; *Flagley* v. *Hubbard*, 22 Cal. 36.)

*John K. Alexander*, District Attorney, also for Appellant.

*Bowie & Catlin*, and *R. C. Clark*, for Respondent.

Whether the remedy adopted by the petitioner in this case is the proper one involves the question whether the act which he demands the Supervisors to perform is a judicial act, or whether it is merely a ministerial duty.

Mandamus may compel an inferior tribunal to perform a judicial function, but it will not guide or direct as to the manner of the performance. The resolution passed by the Board leaves nothing to be done except the mere ministerial duty of ordering the bill to be paid. (*Hunt* v. *Supervisors of San Francisco*, 28 Cal. 429; Moses on Mandamus, 103, 105, 125; *People* v. *Supervisors of Richmond County*, 20 N. Y. 253.)

In Sacramento County the functions of the writ of mandate are enlarged by the Act which tenders this writ in lieu of all other remedies.

*S. W. Sanderson*, also for Respondent.

The plaintiff's claim is a legal charge against the county. Mandamus is the proper and legal remedy, and the plaintiff has no other plain, speedy, and adequate remedy. There is

no remedy against the County of Sacramento, except such as may be afforded by certiorari, mandamus, or injunction. Neither certiorari nor injunction will afford any relief. Supervisors exercise mixed functions, partly judicial, and partly ministerial. When there is nothing of a claim left, except the question whether it is a legal charge, mandamus is the remedy. (*C. W. & Z. R. R. Co.* v. *Com. of Clinton Co.*, Ohio State R. 77, 105; *People* v. *Supervisors Richmond Co.*, 20 N. Y. 253; *Bright* v. *Supervisors of Chenango*, 18 John. 242; *People* v. *Whitman*, 6 Cal. 659.)

By the Court, WALLACE, J.:

It is provided by the Act of April 25th, 1863, that the Board of Supervisors of Sacramento County "shall not be sued in any action whatever," but that they may be proceeded against by certiorari, mandamus, or injunction to prevent or compel their proceedings, "if the same can legally be prevented or compelled."

Tilden presented a claim to the Board, and it was disallowed. He then obtained a writ of mandamus from the Court below, commanding the Board to allow a specified portion of the claim. From this judgment the Board bring this appeal.

In disallowing the claim the Board unquestionably acted in the exercise of judicial functions, and having arrived at a determination upon the matter pending before it, it is not to be turned round to some other judgment, not its own, through the instrumentality of the writ of mandamus. Before such a writ can be properly awarded, it must be made to appear that the Board refuses to perform some designated act which the law specially enjoins upon it as a duty. The complaint here is that it refuses to allow Tilden's claim. But the answer is, that there is no duty resting on the Board to allow this particular claim, either in whole or in

part; that its only duty was to act upon it as a claim, and that that duty is as fully discharged (so far as a writ of mandamus can enforce it) by a rejection as it would have been by an allowance of the claim.

Our attention has been called to the fact that at the time at which the Board rejected the claim it also adopted the following resolution:

"*Resolved*, Whereas, doubts exist in the minds of a majority of the Board of Supervisors of Sacramento County whether the claims against said county presented to said Board by M. C. Tilden, City Attorney, for fees of that office, are a legal charge against said county, and are desirous of having a legal decision by some Court of competent jurisdiction and authority to determine the same; and whereas, said Board and said City Attorney are desirous of testing said question in Court, with as little expense and delay as possible; with a view to that end, it is hereby admitted on the part of said county and said Board of Supervisors that the claims filed by said Tilden with the Clerk of said Board on the — day of April, 1868, marked "A" and "B," were presented in due form; that the labor therein charged for was performed by said Tilden, while City Attorney of Sacramento City, at the dates therein set forth, and that no part of said fees have been paid by the county or otherwise, and that the above claims have been rejected and disallowed by said Board; and the District Attorney is hereby directed to enter the appearance of this Board in any action or proceeding which said Tilden may commence in any Court, not a Court of a Justice of the Peace, for the purpose of requiring said Board to allow the said claims, and defend the action of this Board therein."

It is said that the Board thus substantially determined in favor of the claim, while formally rejecting it; that it found all the facts to be true, which are necessary to make out a valid claim in favor of Tilden, and that in this condition it

had remaining no judicial discretion to reject the claim. The language of the resolution is, that certain facts are "admitted," and this seems to have been done merely with a view to making an agreed case for determination in the Courts. It looked to something in the nature of an arbitration; it was never accepted or agreed to by Tilden, and was, therefore, certainly revocable by the Board. Acting under its own sense of duty to the public, it afterwards instructed the District Attorney to resist the claim of Tilden upon all possible grounds. This, I think, it had a right to do, if it saw proper.

There is nothing in the proposition that the writ of mandamus, when directed to the Board of Supervisors of the County of Sacramento, should have a more enlarged or more efficacious operation than is to be accorded to it under general rules when issued against other Boards of County Supervisors. It is true that the statute which has been cited denies any other remedy than this one to the petitioner; and so far it may be said to show that he has no plain, speedy, or adequate remedy in the ordinary course of law; but there is nothing in the statute which, even in *such* a case, undertakes to change the essential nature or office of the writ itself, as not being designed to control the judicial discretion of the Board, or to compel it to any particular determination.

The judgment and order denying a new trial are reversed, and the cause remanded, with directions to dismiss the writ.

Mr. Chief Justice Rhodes delivered the following concurring opinion, Mr. Justice Temple concurring:

When a claim against a county is presented to the Board of Supervisors, there are only four courses which may be adopted. The Board may allow the claim in whole or in part; it may reject it—that is to say, refuse to allow any

portion of it; or it may refuse to take cognizance of the claim; or, after having taken jurisdiction of the claim, it may, for some cause, refuse to proceed; and in that case, if the right of the claimant is clear, the Board may be compelled to proceed to a determination of the matter. In the first and second cases the Board takes jurisdiction of and passes on the claim; and in the third case it refuses to entertain jurisdiction of or consider the claim. I cannot conceive of any other mode in which the Board can act. The order in this case is a rejection of the claim, as I read it. The claim certainly was not allowed, nor can it be claimed that the Board refused to consider it, for it was finally disposed of, so far as the Board was concerned. The validity or invalidity of the grounds or reasons on which the Board acted, afford no test of the question as to whether the Board did disallow and reject the claim. If a claim is disallowed because the evidence is deemed insufficient, or because, in the opinion of the Board, it is not a county charge, or because the Board doubts whether it is a county charge, the final determination is the same—that is to say, the claim is rejected. When certain facts are presented to a Court or a Board, exercising judicial functions, there is only one judgment or determination that can legally be rendered or made; and if the judgment or order which is rendered or made is not such as the law demanded, it is merely erroneous—assuming that the Court or Board had acquired jurisdiction, and had competent authority to render or make the judgment or order—but because the facts were misapprehended, or the law misunderstood or doubted, it cannot be said that the matter presented for determination has not been decided. It will not be contended that the judgment of a Court rendered *pro forma*, because of doubts entertained as to the law applicable to the case, and in order

that the case may be heard by an appellate Court, is not a judgment. In this case the Board doubted whether the petitioner's claim was legally chargeable against the county; and in order that the question might be determined by the proper Court, the Board, doubtless misapprehending the effect of the special statute which had been tinkered up for Sacramento County, providing what actions may be maintained against the county, rejected the claim. However desirable it may be that the question as to the legality of the claim should be answered, the law of mandamus must not be tortured for the purpose of eliciting the answer.

It is contended that, as the performance of the services mentioned in the petitioner's account was sufficiently proven, there was no duty to be performed by the Board except that of the allowance of the account, and that such duty is merely ministerial. I am not aware of any authority which sustains that position; and it appears to me to be altogether indefensible on principle. The Board, in passing on a claim, acts judicially. The allowance or rejection of the claim is the determination of the matter submitted to the Board; and it occupies the same relation to the claim, that a judgment does to an action. If, in an action where the facts are admitted, or otherwise satisfactorily proven, the rendering of judgment is a ministerial act, then the order of the Board allowing or rejecting a claim, upon similar proof of the facts, is also a ministerial act; but if the former is necessarily a judicial act, so is the latter. Mandamus does not lie to a Board to compel it to enter a particular order of a judicial character; and clearly not to enter an order reversing its former order.

I concur with Mr. Justice WALLACE, and think the writ should be dismissed.

CROCKETT, J., dissenting:

The plaintiff was the City Attorney of the City of Sacramento, and, in his official capacity, conducted certain prosecutions for violations of the laws of the State and other prosecutions for violations of city ordinances. Claiming that he was entitled to be paid for these services by the County of Sacramento, under the statutes then in force, he made out his account against the county and presented the same to the Board of Supervisors for allowance. In the account he claimed to be entitled to the sum of four hundred and sixty-one dollars, for prosecutions for violations of the laws of the State, and the remainder of the account was for prosecutions for the violation of city ordinances. The Board of Supervisors, on examining the account, was satisfied that the plaintiff had rendered the services as charged, and that the items of the account were just, but doubted whether, under the law, the account was a county charge; and because of this doubt, and for that reason only, as appears by the record of their proceedings, refused to allow the account. The plaintiff applied to the District Court for a mandamus, to compel the Supervisors to audit and allow the account. On the hearing, the District Court ordered a mandamus to issue, requiring the Supervisors to audit and allow so much of the account as was for services rendered in conducting prosecutions for violations of State laws, but denied the mandamus as to the remainder of the account. Neither the plaintiff nor the District Attorney were satisfied with this decision, the former claiming that a mandamus should have issued directing the whole account to be allowed, whilst the District Attorney insists: First—That no part of the account should have been allowed. Second—That if the account was a county charge and justly due, mandamus was not the proper remedy. We shall first consider the latter point. On the former hearing of this cause we held that this was

not a proper case for mandamus; that it was the province of the Board of Supervisors to audit and allow, or reject the plaintiff's claim; and that having acted in the premises by rejecting the claim, they could not be compelled by the writ of mandamus to reverse their decision and allow the demand, even though we should be satisfied that the claim was improperly rejected. On further reflection, I am convinced we fell into an error in this respect. Whilst it is perfectly well settled, by an almost unbroken line of decisions, that where an inferior tribunal is authorized to exercise its discretion, whether or not it will perform a given act, or as to the mode or manner of its performance, it cannot be controlled in the exercise of this discretion by means of the writ of mandamus, nevertheless, if it refuses to act at all, and to exercise the discretion with which it is clothed, and if there is no other plain, speedy, and adequate remedy at law, it may be set in motion by this writ, and compelled to act. But there is a large class of cases in which an inferior tribunal acts in a twofold capacity; in one of which it is required to exercise a discretion on a given subject, and after having exercised it, will still have to perform a merely ministerial duty in carrying its decision into effect. In so far as the exercise of its discretion is concerned, it cannot be controlled by mandamus; but after having exercised its discretion in the given case, if there results therefrom a merely ministerial duty, involving the exercise of no discretion, it may be compelled by mandamus to perform it, if the law has provided no other speedy, plain, adequate remedy for such a case. In the case supposed, all that required the exercise of discretion has been performed, and nothing remains to be done except a mere ministerial act; and if the law has provided no other method to compel the performance of this act, the party aggrieved would be wholly without redress unless he could invoke the aid of this writ, the peculiar province of which is to enforce the performance of purely ministerial

duties.   These principles have been repeatedly recognized in this and other Courts.   (*C. W. & Z. R. R. Co.* v. *Commissioners of Clinton County*, O. St. R. 77, 105; *People* v. *Supervisors of Richmond County*, 20 N. Y. 253; *Bright* v. *Supervisors of Oneida*, 19 Johns. 259; 3 Mich. 475; *People* v. *Mead*, 24 N. Y. 121; *Fowler* v. *Pierce*, 2 Cal. 165; *McDougall* v. *Bell*, 4 Cal. 177; *Thomas* v. *Armstrong*, 7 Cal. 286; *People* v. *Whitman*, 6 Cal. 659; *McCauley* v. *Brooks*, 16 Cal. 11; *Frank* v. *City and County of San Francisco*, 21 Cal. 668; *Ex Parte Spring Valley Water Works*, 17 Cal. 132; *Perry* v. *Washburne*, 20 Cal. 318; *People* v. *Supervisors, etc.*, 28 Cal. 429; *Anderson* v. *Pennie*, 31 Cal. 265.)

In this case the only discretion to be exercised by the Board of Supervisors was in respect to the fact whether or not the plaintiff had rendered the services which he claimed to have performed.   Having ascertained this fact, as they did, to their satisfaction, all the rest was a mere matter of law.   The statute fixed the compensation for such services, and all that remained for the Board of Supervisors was to determine whether the claim was a county charge to be paid out of the County Treasury.   It appears the Board decided this question in the negative, and on that ground only refused to allow the claim.   If they were mistaken in their view of the law, it was their duty to direct their Clerk to enter an order allowing the claim, so that it might be paid by the County Treasurer.   If the performance of mere ministerial duties cannot be enforced by mandamus, simply because the officer or Board charged with their performance misconstrues the law, the writ would be of but little value and would be deprived of one of its most useful functions.   Upon that theory, in almost every case, it would be a sufficient answer to the writ for the officer or tribunal to whom it was directed to say that, in his opinion, the law did not authorize or require him to perform the given act; that they had the right to decide the law of the case, and having decided it,

their action could not be reviewed by the writ of mandamus. This would be to destroy the efficacy of the writ in a large class of cases which most demand its aid. Nor is there in this case any other plain, speedy, and adequate remedy, inasmuch as there is no appeal from the order of the Supervisors; and even if a suit in the ordinary form against the county should be deemed a plain, speedy, and adequate remedy, the statute denies this form of redress. (Stats. 1863, p. 503, Sec. 1.)

I deem it unnecessary, in this opinion, to enter into a critical analysis of the several statutes defining the duties and fixing the compensation of the City Attorney of the City of Sacramento. It will suffice to say on this point that after a careful examination of these statutes, I am satisfied the county is responsible for the compensation of the City Attorney, for services rendered in prosecutions for violations of the laws of the State; but is not liable for services rendered in prosecutions for violations of city ordinances.

I am, therefore, of the opinion that the order of the District Court directing a mandamus to issue to compel payment of the first, and denying it as to the latter class of services, was correct, and ought to be affirmed.