[No. 19421.   Department One.—March 20, 1895.]

TESSA L. KELSO, RESPONDENT, v. FRED H. TEALE,
AUDITOR OF THE CITY OF LOS ANGELES, APPELLANT.

LOS ANGELES PUBLIC LIBRARY—DEMAND AGAINST LIBRARY FUND—MAN-
DAMUS.—Under sections 213 and 214 of the charter of the city of Los
Angeles (Stats. 1889, p. 456) the city auditor is required to make a record
of and number a demand payable out of the library fund, upon its
being again approved by the board of directors of the public library
after he has rejected it; and, if a writ of mandate issues to compel
him so to do, he is in no way aggrieved by the judgment, notwithstand-
ing the payee of the demand could have presented it to the treasurer,
and had it paid without its being so recorded and numbered.

ID.—ITEMIZING DEMAND.—A demand against such library fund for a speci-
fied amount, appropriated on account of the expenses of a delegate
representing the library at the World's Congress of Librarians and at
the American Library Association Conference, is for a single item,
within the meaning of section 215 of such charter.

ID.—APPROPRIATENESS OF EXPENDITURE—BOARD OF DIRECTORS.—The ques-
tion of benefit to the library and its patrons from such an expenditure
is to be determined by the directors in the first instance; and, if there
could be any state of circumstances under which the expenditure would
be authorized, the court will presume that such a state was shown,
and was considered and acted upon by the directors when they made
the appropriation.

APPEAL from a judgment of the Superior Court of
Los Angeles County.

The facts are stated in the opinion.

C. H. McFarland, and Albert Crutcher, for Appellant.

F. H. Howard, and Sheldon Borden, for Respondent.

BELCHER, C.—This is an appeal from a judgment of
the superior court of Los Angeles county, directing the
issuance of a peremptory writ of mandate commanding
the appellant, as city auditor of the city of Los Angeles,
to number and record a demand which had been duly
approved and allowed by the board of directors of the
Los Angeles Public Library.

The charter of the city of Los Angeles makes provi-
sions for a public library, which is to be managed by
five directors, known as the "board of directors of the

Los Angeles Public Library." (Stats. 1889, art. VIII, p. 456.)

By section 86 the board is given power, among other things, to appoint a librarian and necessary assistants, and such other employees as may be necessary, to control and order the expenditure of all moneys at any time in the library fund, and order the drawing and payment of all moneys out of said fund for such expenditures and liabilities as are authorized, subject to the general provisions for the payment of demands on the city treasurer contained in article XXI, and generally to do all that may be necessary to carry out the spirit and intent of the charter in establishing a public library and reading-room.

Article 21 contains the following provisions:

" SEC. 213. All demands payable out of the library fund must, before they can be approved by the city auditor or paid, be previously approved by the board of directors of the Los Angeles Public Library by a vote of three members thereof, taken with the ayes and noes and spread on the minutes, and the action of said board indorsed on said demand, and signed by the presiding officer and the clerk thereof. After the approval of said demands they shall be delivered to the city auditor, who shall have the same power and perform the same duties in reference to demands payable out of the library fund as is provided for other demands; *provided*, that in case the city auditor shall reject any such demand, or if, in his opinion, said demand should be paid only in part, he shall return the same to the said board of directors.

" SEC. 214. Any demand returned to . . . . the board of directors of the Los Angeles Public Library, with the objection of the city auditor, shall again be considered by such board, and, if such demand be again approved as required in the first instance, such objection of the city auditor shall be thereby overruled, . . . . and any demand, the objection to which of the city auditor has been overruled by . . . . the board of

directors of the Los Angeles Public Library, . . . .
shall be delivered to the city auditor, who shall num-
ber and make a record of such demand, as in the case
of demands approved by him.

"SEC. 215. No demand can be approved by any
board or officer, audited or paid, unless it specify each
several item, with the date and amount thereof."

"SEC. 218. The city auditor must number and keep
a record of all demands on the treasury approved by
him, or his objections to which have been overruled,
showing," etc.

The demand in question was for two hundred dollars,
which sum, by a resolution passed June 6, 1893, was
appropriated by the board of library directors on ac-
count of the expenses of a delegate representing the
library at the World's Congress of Librarians and to the
American Library Association Conference, to be held
from the 10th to the 24th of July, 1893.

The said demand was presented to the board of direct-
ors on September 5, 1893, and on the 29th of the same
month was duly approved by the board and indorsed
and authenticated in the manner and form required
by the charter. Thereafter the said demand, with the
action of the board indorsed thereon and signed by its
president and clerk, was delivered to the appellant, as
city auditor, for his approval, but he refused to approve
the same, and, on October 5, 1893, returned the demand
to the board of directors, specifying in writing his ob-
jections thereto.

The demand was thereupon again considered by the
board, and again approved as required in the first
instance, and the objections of appellant were thereby
overruled. Thereafter the demand was delivered to
appellant, with the last-mentioned action of the board
duly indorsed thereon and authenticated by the signa-
tures of its president and clerk, with a request that he
should number and record the same as required by the
charter. Appellant refused to comply with this request,
and thereupon the respondent, as the person benefi-

cially interested, demanded of appellant that he should number and record the said demand, but he refused, and still refuses, to do so.

Shortly thereafter the respondent commenced this proceeding by filing her affidavit setting out the facts, and an alternative writ of mandate was granted by the court. The appellant filed a general demurrer to the affidavit, which was overruled, and then answered.

The case came on regularly for trial, and, after argument of counsel, was submitted to the court for its decision upon the " pleadings and admission of the facts made at the hearing."

It does not appear from the record what the facts admitted were, but in view of them the court held that the plaintiff was entitled to the relief demanded, and thereupon ordered and adjudged that a peremptory writ of mandate issue as prayed for.

1. Appellant contends that respondent has no special or beneficial interest in having her demand numbered and recorded, because " such acts upon his part are not prerequisite to the presentation of such demand to the treasurer, and its payment by that officer." And in support of this position he cites sections 216 and 219 of the charter.

The first section cited provides: " The term 'audited,' as used in this charter with reference to demands upon the treasury, is to be understood to mean that said demands have been presented to, passed upon, and approved by every officer and board of officers as required by this charter, or the objections of the mayor, or city auditor, or both, as the case may be, have been overruled, as herein provided, and this must appear on the face of the paper representing the demand, or else it is not audited." And the last section cited provides: " Every lawful demand upon the treasury, duly audited as in this charter required, shall in all cases be paid on presentation and canceled."

Conceding, without deciding, that this point is well taken, and that respondent could have presented her

demand to the treasurer, and had it paid, notwithstanding it had not been numbered and recorded by appellant, still the charter expressly required appellant, after his objections were overruled, to "number and make a record of such demand, as in the case of demands approved by him." This was a ministerial act, and it was the duty of appellant to obey the law and in all respects comply with its requirements. And, having failed and refused to do so, he is in no way "aggrieved" by the judgment of the court below commanding him to perform that duty. The judgment cannot, therefore, be reversed on this ground. (*Falk* v. *Strother*, 84 Cal. 544.)

2. Appellant also contends that the demand was not itemized, as required by section 215 of the charter, and hence that the directors of the library had no authority to approve or reapprove the same, and their action in attempting to do so was in excess of their powers and jurisdiction, and therefore void. And in this connection it is urged that it does not appear that respondent was a delegate to the World's Congress of Librarians, or that she attended such congress, or that she expended the sum of two hundred dollars, or any part thereof, as such delegate.

A sufficient answer to this point is that the demand was for a specific sum, appropriated *on account* of the expenses of a delegate to the congress, and constituted only a single item; and that respondent was such delegate, and attended the congress, and expended the money in paying her expenses, must be conclusively presumed from the action of the board and "the admission of the facts made at the hearing."

The cases cited by appellant to the effect that it is the privilege and duty of a county auditor to refuse to draw his warrants on the treasurer for claims which, although sanctioned and ordered paid by the board of supervisors, are void upon their face for want of jurisdiction in the board to allow them, are not in point. It does not appear here that respondent's demand is void upon its

face, nor is appellant called upon to draw any warrant for it.

3. Appellant further contends that, under the provisions of the charter, the directors of the library had no right to make such an appropriation from the library funds as that here in question. And it is said: " The benefits to be derived by the taxpayers and patrons of the library from what might be learned by a delegate to a congress of librarians are too remote, too speculative, too chimerical, to make the expenses of such a delegate a legal charge upon the public funds."

But the question of benefits to the library and its patrons from an expenditure like that here involved was one to be determined by the directors in the first instance; and, if there could be any state of circumstances under which such an expenditure would be authorized, it must be presumed that such a state was shown, and was considered and acted upon by the directors when they made the appropriation. The board was authorized " to control and order the expenditure of all moneys at any time in the library fund," and " generally to do all that may be necessary to carry out the spirit and intent of this charter in establishing a public library and reading-room."

In view of the action of the board and of the court below, we cannot say that the appropriation, under the circumstances shown, was not justifiable and proper.

No other points are made, and in our opinion the judgment should be affirmed.

BRITT, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.