[Civ. No. 810. First Appellate District.—March 14, 1911.]

## WALTER E. TREFTS, Respondent, v. JOHN E. McDOUGALD, Treasurer etc., Appellant.

SAN FRANCISCO CHARTER—SALARIES OF REPORTERS OF POLICE COURTS—
MUNICIPAL OFFICERS.—The charter of the city and county of San
Francisco provides for the appointment of two salaried reporters
to attend upon the police courts of the said city and county, the
salary of each of which is fixed at the sum of $2,400 per annum;
and this sum the charter expressly declares shall be "in full compensation for all services rendered, . . . including transcription
and stationery." Each of such reporters is an officer of the municipality, and his compensation in full for all services rendered, as
such municipal officer, is that fixed by the charter.

ID.—DUTIES OF REPORTERS UNDER CHARTER—PRELIMINARY EXAMINA
TIONS.—The duties of the reporters of the police court under the
charter, with the single exception of providing an extra copy of the
proceedings had at preliminary examinations, are identical in effect
with the service required of such reporters under the general law
of the state, as declared in section 870 of the Penal Code. But the
charter provisions designating the duties of police court reporters
do not limit the services which may be required of them at preliminary examinations. All services rendered by either of them in
the conduct of a preliminary examination is work done in the performance of an official duty required of him in his capacity as a
municipal officer.

ID.—COMPENSATION A MUNICIPAL AFFAIR—CHARTER PROVISIONS EXCLU
SIVE—NATURE OF DUTIES IMMATERIAL.—The compensation of a
municipal officer is purely a municipal affair, and the charter provisions upon the subject of the compensation of reporters of the
police courts are exclusive and conclusive, irrespective of whether
the duties of the municipal office held by each are exacted by the
charter or imposed by the general law of the state.

ID.—IMPOSITION OF ADDITIONAL DUTIES BY SUBSEQUENT LAW—COMPEN
SATION—CHARTER PROVISIONS PARAMOUNT.—The fact that, subsequent to the adoption of the charter provisions defining the duties
and fixing the compensation of reporters of the police court, the
legislature demanded additional duties of them when serving in
their official capacity at preliminary examinations, does not give the
legislature power to provide the means and measure of his compensation therefor. In the matter of such compensation, the charter
provisions are paramount and prevail over any general law in conflict therewith existing at the time of the adoption of the charter,
or subsequently enacted by the legislature.

ID.—PROVISIONS OF SECTION 870 OF PENAL CODE INAPPLICABLE TO COM-
PENSATION TO REPORTERS OF POLICE COURTS IN SAN FRANCISCO.—
Since the adoption of the San Francisco charter, the police court
reporters of the city and county are no longer subject to the appoint-
ment of reporters provided for in the Penal Code, nor to the com-
pensation especially fixed by the provisions of section 870 of the
Penal Code.

ID.—AMENDMENT OF SECTION 870 INOPERATIVE IN SAN FRANCISCO.—If
it was intended by the legislature that the amendment of section
870 of the Penal Code, in reference to reporters and the compen-
sation for the service required of them therein, should control in
the matter of the compensation of police court reporters in the city
and county of San Francisco, then in so far as it conflicts with the
charter provisions, it must be considered and construed as an en-
croachment upon the powers of the municipality, and to that extent
inoperative as to such municipality.

ID.—IMPROPER JUDGMENT IN MANDAMUS—ORDER OVERRULING DEMURRER.
It is held that the superior court improperly overruled a demurrer
to a petition for a writ of mandate to compel the treasurer of the
city and county of San Francisco to draw a warrant for compen-
sation of a police court reporter under section 870 of the Penal
Code, and granted judgment for the writ; and that the judgment
must be reversed, with directions to overrule the demurrer, without
leave to amend.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, granting a writ of man-
date. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Percy V. Long, City Attorney, and John F. English, As-
sistant City Attorney, for Appellant.

John S. Partridge, and Nathan C. Coghlan, for Respondent.

LENNON, P. J.—The plaintiff and respondent is one of the
official stenographers of the police court of the city and county
of San Francisco, duly appointed as such under the provisions
of the charter governing said city and county.

On July 7, 1909, there was pending before the Hon. E. P.
Shortall, one of the judges of said court, the preliminary
hearing of one Laura McDonald upon a charge of murder.

The plaintiff, by direction of the judge presiding at the
hearing, and at the request of the attorney for the defendant

therein, was required to take in shorthand the depositions of the witnesses and notes of the proceedings.

At the conclusion of her preliminary examination the said Laura McDonald was held to answer before the superior court of the city and county of San Francisco. Thereupon respondent, by the further direction of the judge of said police court, and the requirements of section 870 of the Penal Code, transcribed and delivered to counsel for said Laura McDonald, a copy of the depositions taken upon her preliminary hearing. Thereafter the said judge of the police court ordered defendant and appellant, as treasurer of the city and county of San Francisco, to pay respondent the sum of nine dollars out of the municipal treasury, as compensation for furnishing the said copy of the depositions.

Upon the refusal of the appellant to comply with the police judge's order, respondent petitioned the superior court of the said city and county for a writ of mandate, commanding appellant, as said treasurer, to honor the order.

To the petition for a writ of mandate appellant interposed a general demurrer grounded upon the insufficiency of the facts stated therein to constitute a cause of action. This demurrer was overruled. Appellant, as the defendant below, declined to answer the petition within the time allowed him, and judgment for the issuance of the writ prayed for followed.

The appeal is from this judgment.

The order of the magistrate requiring the service of the reporter and providing for his compensation, as well as the subsequent judgment in *mandamus,* are based upon the provisions of section 870 of the Penal Code. This section as amended (Stats. 1909, p. 1077) requires, after a defendant has been held to answer, that a copy of the depositions taken at a preliminary examination be furnished upon request to the defendant therein or to his counsel, and that the compensation of the reporter so furnishing such depositions shall be paid by the county wherein the examination has been held, in the manner prescribed by subdivision 6 of section 869 of the same code.

On the other hand, the charter of the city and county of San Francisco provides for the appointment of two salaried reporters to attend upon the police courts of said city and county. Their duties under the charter, with the single

exception of providing a defendant or his counsel with an extra copy of the proceedings had at a preliminary examination, are identical in effect with the service required of such reporters under the general law of the state as declared in section 870 of the Penal Code.

The salary of respondent, as one of the official reporters of the said police courts, is fixed by the charter under which he was appointed at $2,400 per annum; and this sum, the charter expressly declares, shall be "in full compensation for all services rendered . . . including transcription and stationery . . . " (Charter, Miscellaneous, sec. 34, art. XVI, sec. 11, art. V, c. VIII).

The charter provisions designating the duties of police court reporters do not limit the service which may be required of them at preliminary examinations.

The jurisdiction of the judges of the police courts in the city and county of San Francisco to hold preliminary examinations is conferred upon them as magistrates by the general law of the state. The exercise of that jurisdiction is necessarily a state affair, and the legislature has the undoubted power to prescribe the duties of the judges of these courts, and their attachés, when engaged in the examination of felony offenses against the laws of the state.

Respondent, as one of the reporters of the police courts of the city and county of San Francisco, is an officer of the municipality, and all service rendered by him in the conduct of a preliminary examination is work done in the performance of an official duty required of him in his capacity as a municipal officer.

His compensation in full for all services rendered as such municipal officer is fixed by the charter.

The compensation of a municipal officer is purely a municipal affair (*Graham* v. *Mayor,* 151 Cal. 465, [91 Pac. 147]; *Popper* v. *Broderick,* 123 Cal. 456, [56 Pac. 53]; *Fragley* v. *Phelan,* 126 Cal. 386, [58 Pac. 923]), and the charter provisions upon that subject are exclusive and conclusive. (*Elder* v. *McDougald,* 145 Cal. 740, [79 Pac. 429].)

This is so, irrespective of whether the duties of the office are exacted by the charter, or imposed by the general law of the state. (*Matter of Dodge,* 135 Cal. 512, [67 Pac. 973].)

The fact that *subsequent* to the adoption of the charter provisions defining the duties and determining the compensation of respondent, the legislature by a general law demanded additional duties of him, when serving in his official capacity at preliminary examinations, does not give the legislature the power to provide the means and measure of his compensation therefor. In the matter of such compensation the charter provisions are paramount (Const., art. XI, secs. 6, 8½; *People* v. *Williamson,* 135 Cal. 145, [67 Pac. 504]), and prevail over any general law in conflict therewith existing at the time of the adoption of the charter (*Burke* v. *Board of Trustees,* 4 Cal. App. 235, [87 Pac. 421]), or subsequently enacted by the legislature. (*Graham* v. *Mayor etc.,* 151 Cal. 465, [91 Pac. 147].)

It is our opinion that, since the adoption of the charter of the city and county of San Francisco, the provisions of section 870 of the Penal Code with reference to the appointment of reporters, and their compensation for the service therein required of them, have no longer any application to the appointment and compensation of reporters in preliminary examinations pending before the police judges of said city and county.

If, however, it was intended by the legislature that the amendment to section 870 of the Penal Code should control in the matter of the compensation of police court reporters in the city and county of San Francisco, then, in so far as it conflicts with the charter provisions, it must be considered and construed as an encroachment upon the powers of the municipality, and to that extent inoperative as to such municipality.

It may be true, as suggested by counsel for the respondent, that in this view of the law the city and county of San Francisco is exempted from a burden that is imposed generally upon other counties of the state; but "if this be an inequality the people themselves have created it, and if a remedy is needed they only can provide it." (*People* v. *Williamson,* 135 Cal. 415, [67 Pac. 504].)

The judgment appealed from is reversed, and the lower court is directed to sustain appellant's demurrer to the petition for a writ of *mandamus* without leave to amend.

Kerrigan, J., and Hall, J., concurred.