[S. F. No. 6210. In Bank.—December 10, 1912.]

## M. P. SCOTT, Petitioner, v. THOMAS F. BOYLE, as Auditor of the City and County of San Francisco, Respondent.

PUBLIC OFFICERS—FIXED COMPENSATION—MANDAMUS TO COMPEL ISSUANCE OF WARRANT FOR SALARY.—*Mandamus* is an appropriate remedy to compel an auditing officer to issue a warrant for the compensation of the employees or officers of a city, county, or state, where the amount thereof is so fixed by law, ordinance, or otherwise that the act of auditing the same and drawing a warrant accordingly is merely ministerial in character.

ID.—SUPREME COURT—ORIGINAL JURISDICTION IN MANDAMUS—APPEAL INVOLVING SAME QUESTIONS.—The supreme court has original jurisdiction of such cases, and the fact that the same questions are involved in an appeal which has been taken thereto has no bearing upon the question of jurisdiction.

ID.—SEALERS OF WEIGHTS AND MEASURES—CONSTITUTIONALTY OF ACT OF MARCH 18, 1911—APPOINTMENT BY CITIES AND COUNTIES.— Prior to its amendment on October 10, 1911, section 14 of article XI of the constitution, providing that "no state office shall be continued or created in any county, city, town, or other municipality, for the inspection, measurement, or graduation of any merchandise, manufacture, or commodity; but such county, city, town, or municipality may, when authorized by general law, appoint such officers," empowered the legislature to enact the statute of March 18, 1911 (Stats. 1911, p. 384), authorizing the respective counties and municipalities of the state to appoint sealers of weights and measures, having the duties provided by that act.

ID.—RIGHT OF MUNICIPALITY TO MAKE APPOINTMENT UNDER POLICE POWER.—If such statute were unauthorized by that provision of the constitution, still an ordinance of a municipality authorizing the appointment of a sealer of weights and measures, and his deputies, and fixing their compensation, would be valid as an exercise of the police power conferred on municipalities and counties by section 11 of article XI of the constitution.

ID.—AMENDMENT OF SECTION 14 OF ARTICLE XI OF CONSTITUTION— STATUTE NOT REPEALED.—Such statute is not inconsistent with, and was not repealed or rendered inoperative by, the amendment of October 10, 1911, of section 14 of article XI of the constitution, providing that the legislature may by general and uniform laws provide for the inspection, measurement, and graduation of merchandise and manufactured articles and commodities, and may pro-

CLXIV. Cal.—21

vide for the appointment of such officers as may be necessary for such inspection, measurement, and graduation.

Id.—Municipalities Still Have Right to Appoint Under Police Power.—The amendment of section 14 of article XI of the constitution does not purport to repeal section 11 of the same article, and is not inconsistent therewith, and counties and municipalities would have and still have the power to enact such an ordinance, under said section 11, in the absence of a general law inconsistent with its exercise by them.

Id.—Absence of State System Regulating Sealers of Weights and Measures.—That amendment does not prescribe any special method for the exercise by the legislature of the power expressly mentioned, and it may now, under the general power granted by section 1 of article IV of the constitution, and also under the power specially described in the amended section, provide either a state system for such purpose, administered by state officers, or a local system administered by the respective counties, cities, or cities and counties, through officers which they may appoint under the authority of the general statute. There being no statute providing such state system, the act of March 18, 1911, remains in force as fully as if the amendment had not been made, and until the repeal of such act, or the establishment of a state system, the provisions of the act prevail and the officers appointed under it are *de jure* officers.

Id.—Municipality May Fix Compensation of Sealer.—The provision of section 5 of article XI of the constitution, requiring the legislature to regulate and fix the compensation of county officers in proportion to duties, does not apply to officers created by the legislature, under said section 14, to exercise a part of the police powers of the state, which the provisions of that latter section, both in its original form and as amended, recognize as something distinct from the general political functions of counties and cities, and the general scheme of county or municipal government.

Id.—Act is Uniform in Operation and not Special Law.—The act of March 18, 1911, applies throughout the state to all the counties, cities and municipalities thereof, and is therefore uniform in its operation. The fact that it is not made compulsory upon the respective counties and municipalities to appoint such sealers does not render it lacking in the uniformity necessary to a compliance with section 11 of article I of the constitution, nor make it a special law within the meaning of subdivisions 9, 28, and 29 of section 25 of article IV.

Id.—Ordinance May Authorize Mayor to Appoint Sealer.—An ordinance of a municipality authorizing the mayor, as the executive officer of the city, to appoint the sealer, is an appropriate method of carrying into effect the provision of the statute that the sealer may be appointed by the municipality.

APPLICATION for a Writ of Mandate directed to the auditor of the City and County of San Francisco.

The facts are stated in the opinion of the court.

John L. McNab, for Petitioner.

Edward F. Moran, for Respondent.

SHAW, J.—This is an original proceeding in *mandamus* in this court to compel the defendant, as auditor, to draw a warrant in favor of the plaintiff for the amount due him on his salary as deputy sealer of weights and measures of the city and county of San Francisco. The auditor claims that no such office exists and that the plaintiff's appointment thereto is void.

*Mandamus* is an appropriate remedy to compel an auditing officer to issue a warrant for the compensation of the employees or officers of a city, county, or state, where the amount thereof is so fixed by law, ordinance, or otherwise that the act of auditing the same and drawing a warrant accordingly is merely ministerial in character. (*Fowler* v. *Peirce,* 2 Cal. 167; *People* v. *Whitman,* 6 Cal. 659; *McCauley* v. *Brooks,* 16 Cal. 46, 63; *Carroll* v. *Seibenthaler,* 37 Cal. 195; *Lawrence* v. *Booth,* 46 Cal. 189; *Kelso* v. *Teale,* 106 Cal. 477, [39 Pac. 948]; *Bannerman* v. *Boyle,* 160 Cal. 203, [116 Pac. 732].) This court has original jurisdiction of such cases. The fact that the same questions are involved in an appeal which has been taken in this court has no bearing upon the question of jurisdiction.

The office in question appears to have been created by and under the act of March 18, 1911. (Stats. 1911, p. 384.) This act adopts the United States' standards of weights and measures as the standards of this state, and provides that duplicates thereof shall be kept in the office of the secretary of state. Section 4 authorizes the respective counties and municipalities of the state to appoint sealers of weights and measures. Section 5 declares that the jurisdiction of such sealers shall extend over the limits of the particular county, except the part within the municipalities that have appointed or may appoint sealers under the act, and that the jurisdiction of such munici-

pal sealers shall extend throughout such city, or city and county, and that the particular city or county shall also have power to provide deputies for such sealer and fix the compensation of the sealer and his deputies. The sealers are required to keep duplicates of the standard weights and measures and to see that all weights and measures used by dealers or kept for sale within such territory accurately correspond with such standards. Every sealer shall twice each year inspect and test the weights and measures kept or used within his jurisdiction Penalties are provided for the use or sale of false or inaccurate weights, or measures.

On August 29, 1911, the city and county of San Francisco duly adopted an ordinance, under this act, providing that the mayor should appoint a sealer of weights and measures and that such sealer might appoint, with the approval of the board of supervisors, a chief deputy and such additional deputies as should be .required to properly perform the duties of the office, such additional deputies each to receive an annual salary of fifteen hundred dollars in monthly installments. A sealer was duly appointed, and on November 22, 1911, he, with the approval of the supervisors, appointed the plaintiff herein a deputy sealer. He immediately entered upon and has ever since continued the discharge of the duties of said office. The claim is that this statute and the ordinance of the city in pursuance thereof are in conflict with the constitution.

At the time said act was passed the constitution provided that ''No state office shall be continued or created in any county, city, town, or other municipality, for the inspection, measurement, or graduation of any merchandise, manufacture, or commodity; but such county, city, town, or municipality may, when authorized by general law, appoint such officers.'' (Art. XI, sec. 14.)

Conceding that this language applies to such an office as a sealer of weights and measures having the duties provided by this act, the statute seems to be clearly within the power to authorize by general law the appointment of such officers, which this section expressly confers.

We think the language of section 14 embraces the subject matter of the act, but if it did not, the ordinance would be clearly valid as an exercise of the police power conferred on municipalities and counties by section 11 of said article: ''Any

county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws.''

The principal contention of the defendant is, however, that although the statute and the ordinance may have been valid at the time each respectively was adopted, they were both repealed, or ceased to exist as valid provisions of law (art. XXII, sec. 1) upon the adoption on October 10, 1911, of an amended section 14 of article XI of the constitution. This is as follows:

''The legislature may by general and uniform laws provide for the inspection, measurement and graduation of merchandise and manufactured articles and commodities, and may provide for the appointment of such officers as may be necessary for such inspection, measurement and graduation.''

We perceive nothing in this section that is inconsistent with the aforesaid statute, nor anything that evinces an intention to repeal or extinguish it. It does, indeed, remove the previous prohibition taking from the legislature the power, which it would otherwise have had under section 1 of article IV, to establish state offices for such purposes. It also omits the special authorization to counties and municipalities to do so when authorized by general laws. But counties and municipalities undoubtedly would have and still have this power, under section 11 aforesaid, in the absence of a general law inconsistent with its exercise by them. The amended section 14 does not purport to repeal section 11 and it is not inconsistent therewith. Neither does it prescribe any special method for the exercise by the legislature of the power expressly mentioned, the power to ''provide for the appointment of such officers as may be necessary for such inspection, measurement and graduation.'' The former prohibition against the creation of state officers for that purpose being removed by the amendment, the legislature may now, under the general power granted by section 1 of article IV, and also under the power specially described in said amended section 14, provide either a state system for such purpose, administered by state officers, or a local system administered by the respective counties, cities, or cities and counties, through officers which they may appoint under the authority of the general statute. The statute therefore remains in force as fully as if the amendment

had not been made. There is no statute providing such state system and we are therefore not called upon to determine what effect such a statute might have upon a previously established local system. We need only say that until there is a state system in force, or until the repeal of the act of 1911, the provisions of the latter prevail and the officers appointed under it are *de jure* officers.

It is further suggested that they are county officers, that section 5 of article XI provides that the legislature shall regulate the compensation of all such officers in proportion to duties and, consequently, that it cannot delegate to the board of supervisors of a county or city and county the duty of fixing the salaries of such officers instead of doing so itself. It is true that the general principle is that when the people by their constitution impose an express duty of this kind on the legislature, that body cannot, in general, delegate such duty to any subordinate body. (*Dougherty* v. *Austin,* 94 Cal. 601, [16 L. R. A. 161, 28 Pac. 834, 29 Pac. 1092].) That case decided that said section 5 confided to the legislature itself the duty to regulate and fix the compensation of county officers and that it could not delegate this duty, or any part of it, to a county board of supervisors. We are of the opinion that the provision of that section requiring the legislature to regulate the compensation of the officers referred to therein does not apply to offices created by the legislature, under said section 14, to exercise a part of the police powers of the state which the provisions of the latter section, both in its original form and as amended, recognize as something distinct from the general political functions of counties and cities and the general scheme of county or municipal government.

The act applies throughout the state to all the counties, cities and municipalities thereof. It is therefore uniform in its operation. The fact that it does not make it compulsory upon the respective counties and municipalities to appoint such sealers does not render it lacking in the uniformity necessary to a compliance with section 11 of article I of the constitution, nor make it a special law within the meaning of subdivisions 9, 28, and 29 of section 25, of article IV.

We see no force in the point that the ordinance is void because it vests in the mayor the power of appointing the sealer. Such appointment is in its nature an executive act. Confer-

ring it upon the mayor is not a delegation to him of the legislative power of the board of supervisors.   The act provides that the sealer may be appointed by the city and county.   An appropriate method of accomplishing this is that here followed,—namely, by an ordinance authorizing the mayor to do so.   He is the executive officer of the city and county.

Let the writ issue as prayed for.

Angellotti, J., Lorigan, J., Melvin, J., Henshaw, J., and Sloss, J., concurred.