[Civ. No. 1570. Second Appellate District.—September 25, 1914.]

JOSEPH C. MILLIKEN, Appellant, v. JOHN S. MEYERS, Auditor of the City of Los Angeles, Respondent.

PUBLIC OFFICER—COMPENSATION OF CITY OFFICIAL A MUNICIPAL AFFAIR.—The compensation of a municipal officer is purely a municipal affair, and the charter provisions of the municipality upon that subject are exclusive and conclusive. This is true whether the duties of the office are exacted by the charter or are imposed by the general law of the state.

ID.—CITY DEPUTY SEALER OF WEIGHTS AND MEASURES—COMPENSATION—WHETHER FIXED BY CHARTER OR STATUTE.—A city deputy sealer of weights and measures appointed prior to the adoption of the "Weights and Measures Act" (Stats. 1913, p. 1086), under an ordinance enacted by the city, which has a freeholders' charter empowering it to fix the compensation of all municipal officers, is entitled only to the compensation fixed by the ordinance, not that provided by the statute.

ID.—WEIGHTS AND MEASURES ACT—PURPOSE AND INTERPRETATION.—The Weights and Measures Act seeks to provide a uniform system for the regulation of the measurement and graduation of merchandise, manufactured articles and commodities sold and manufactured throughout the state. It provides for the appointment of a state sealer of weights and measures, makes it compulsory upon the board of supervisors of the various counties to appoint sealers of weights and measures or apply to the state sealer to assign deputies to them, and delegates to the legislative bodies of the various cities of the state the power, the exercise of which is optional, to appoint sealers of weights and measures for such municipalities.

ID.—APPOINTMENT OF SEALERS—DELEGATION OF POWER TO CITIES.—The delegation to a city of such power, to be exercised at its discretion, is the same as though the charter had in express terms made provision therefor, and it becomes a municipal affair to the extent that the making of the appointment and the fixing of the official's compensation is a matter solely within the control and right of the municipality.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge.

The facts are stated in the opinion of the court.

George E. Cryer, and T. R. Spalding, for Appellant.

Albert Lee Stephens, City Attorney, and Myron Westover, Deputy City Attorney, for Respondent.

SHAW, J.—This was a proceeding for a writ of mandate to compel the defendant, as city auditor of the city of Los Angeles, to audit a warrant in favor of plaintiff upon the treasurer of the city for the sum of $27.69, alleged to be a balance due plaintiff for services rendered during the month of August, 1913, as city deputy sealer of weights and measures.

Plaintiff appeals from the judgment rendered in favor of defendant.

In order to properly understand the case, reference is had to various acts of the legislature and provisions of the constitution affecting the question. As the constitution stood in relation to the matter prior to October, 1911, it provided that "No state office shall be continued or created in any county, city, town, or other municipality, for the inspection, measurement, or graduation of any merchandise, manufacture, or commodity; but such county, city, town, or municipality may, when authorized by general law, appoint such officers." (Const., art. XI, sec. 14.) Pursuant to this authority, the legislature adopted an act approved March 18, 1911 (Stats. 1911, p. 383), whereby, among other things, it provided that (sec. 4) "The respective counties, incorporated cities, incorporated towns and incorporated cities and counties of the state are hereby authorized to appoint sealers of weights and measures." While this statute was in force the city of Los Angeles, which operates under a freeholders' charter, adopted an ordinance creating the office of sealer of weights and measures and provided for the appointment of deputies, and by ordinance adopted May 28, 1912, fixed the salary of one of such deputies, it being the position held by plaintiff, at the sum of ninety dollars per month in full compensation for all services rendered as such deputy or assistant sealer of weights and measures. Subsequently, on October 10, 1911, section 14 of article XI of the constitution, [Stats. 1911, p. 1798], under and pursuant to which the act of the legislature was adopted authorizing cities to create the office of sealer of weights and measures, was amended so as to read as follows: "The legislature may by general and uniform laws provide for the inspection, measurement and graduation of merchandise, manufactured articles and commodities, and may provide for the appointment of such officers as may be necessary for such inspection, measurement and graduation." Thereupon the

legislature, pursuant to this amended section of the constitution, passed an act, approved June 16, 1913 (Stats. 1913, p. 1086), and designated as the "Weights and Measures Act," providing elaborate regulations for the government of the measurement and graduation of merchandise, commodities, and manufactured articles. This act created the office of state superintendent of weights and measures and authorized him to appoint, upon the request of the counties of the state, deputies for such counties, the salary of each of whom when actually employed being fixed at one hundred and fifty dollars per month, to be paid by such counties. The act also made it the duty of the board of supervisors of each county to appoint a sealer of weights and measures for such county, the compensation of which sealer of weights and measures was fixed at five dollars per day for each day actually employed in the service of the county, and provided that in case such board of supervisors should not, within one hundred and twenty days after the approval of the act, appoint a sealer for such county, it must apply in writing to the state superintendent for the assignment of a deputy superintendent, who, upon such application, was required to make such assignment, and fixed the salary of such deputy so assigned by the superintendent to such county at one hundred and fifty dollars per month; it being further provided that a violation of any of the various provisions of the act should constitute a misdemeanor.

The provisions of the act here involved are contained in section 17 thereof, which provides: "The legislative body of any county, or city and county or of any city or town may appoint a sealer of weights and measures, fix his compensation and provide for the appointment by the sealer of such number of deputies as the said legislative bodies may deem necessary and expedient. Such sealer and deputies shall each receive as compensation the sum of five dollars per day for each day actually employed in the service of such county or city and county or city or town." It is unnecessary to note the inconsistencies of this section with other provisions of the act, so far as it affects and provides for sealers in counties. While the act makes it mandatory upon the board of supervisors either to appoint a sealer or request the state superintendent to assign a deputy for service in such county, section 17, so far as cities are concerned, merely permits them so to

do, it being provided that such city *may appoint* a sealer of weights and measures. It is not required so to do, and in case none be appointed, section 18 of the act provides that the jurisdiction of the county sealer or deputy state sealer assigned to such county shall extend over the entire territorial limits of the county. Section 19 of the act provides that "This act shall not affect the appointment of any sealer of weights and measures heretofore appointed for any city, . . . but such sealers shall perform the duties of the office under the provisions of this act, and shall possess the same powers and duties as sealers appointed under the provisions of this act."

As stated, plaintiff had prior to this legislative act, under an ordinance duly passed by the city, been appointed deputy sealer of weights and measures for the city of Los Angeles and his salary fixed at ninety dollars per month. Whether appointed under the act of the legislature of 1911, or in the absence thereof, is immaterial, since it has been held that even in the absence of such express provision an ordinance providing for the appointment of such official would constitute a valid exercise of the police power conferred on municipalities by section 11 of article XI of the constitution. (*Scott v. Boyle*, 164 Cal. 321, [128 Pac. 941].)

The Weights and Measures Act, section 17 of which provides that such deputy shall receive as salary the sum of five dollars per day, went into effect August 10, 1913, and the contention of plaintiff is that, while his salary was, under and by virtue of the city ordinance, fixed at ninety dollars per month, such provision continued in force only to the time when the provisions of the statute became effective, to wit: August 10, 1913; that such provision of the statute superseded the ordinance and fixed his salary at five dollars per day, the result of which, since he was entitled to salary at the rate of ninety dollars per month up to the tenth day of August and five dollars per day for the balance of the month, entitled him to compensation for services performed during the month in the sum of $117.69, and having received ninety dollars, left a balance due him of $27.69.

The question thus squarely presented is whether or not plaintiff is entitled to compensation under such city ordinance or under and by virtue of the provisions of section 17 of the Weights and Measures Act. As stated, Los Angeles operates,

25 Cal. App.—33

under a freeholders' charter, provisions for the adoption of which, as well as the amendment thereof, are found in section 8 of article XI of the constitution. The office of sealer of weights and measures is not one designated in the charter. By its terms, however, the city is empowered to provide for the election or appointment of officers other than those designated in the charter and prescribe their duties and fix their compensation. Section 66 expressly provides that "The city council shall by ordinance fix the salary of all other officers herein, or by ordinance hereafter created, whose salaries are not hereby fixed or otherwise provided for." Appellant insists there must be an express delegation of control as to the powers exercised by the city in order that such exercise should constitute municipal affairs, within the meaning of the term as used in section 6 of article XI of the constitution. Conceding this to be true, the charter in the clearest terms gives the city the power to fix the compensation of all municipal officers. "The compensation of a municipal officer is purely a municipal affair, . . . and the charter provisions upon that subject are exclusive and conclusive." (*Trefts* v. *McDougald*, 15 Cal. App. 584, [115 Pac. 655]. See, also, *Graham* v. *Mayor*, 151 Cal. 465, [91 Pac. 147]; *Popper* v. *Broderick*, 123 Cal. 456, [56 Pac. 53]; *Fragley* v. *Phelan*, 126 Cal. 386, [58 Pac. 923]; *Elder* v. *McDougald*, 145 Cal. 740, [79 Pac. 429].) This is true whether the duties of the office are exacted by the charter or be imposed by the general law of the state. (*Matter of Dodge*, 135 Cal. 512, [67 Pac. 973].) If, therefore, the office, for the performance of the duties of which petitioner seeks compensation, be a municipal office, then he is entitled only to such salary as the city may by ordinance have provided. To hold that the legislature possessed authority to enact laws fixing the compensation of such office to be paid out of the municipal funds, would be conceding to such body the power to amend a freeholders' charter contrary to the provisions of section 8 of article XI of the constitution.

If, on the other hand, the services rendered by petitioner were those required to be performed for and on behalf of the state, such fact would render the position a state office. And, notwithstanding the duties in performance are restricted to the city, they do not, merely by reason thereof, become municipal in character. (*Fleming* v. *Hance*, 153 Cal. 162, [94 Pac.

620].)   As to the salary of such office, the legislature cannot impose the payment thereof upon a city the organic law of which is a freeholders' charter. "The legislature is not empowered to direct the appropriation of municipal funds for the payment of the salary or office expenses of one who is simply a county or township officer." (*Graham* v. *Mayor,* 151 Cal. 465, [91 Pac. 147].)   "We are not aware that it has ever been held, . . . that the legislature has power to appropriate the funds of a municipality to the discharge of an obligation against the entire state, or to direct the payment of such funds for any other purpose than pertains to the municipality itself." (*Conlin* v. *Board of Supervisors,* 114 Cal. 404, [33 L. R. A. 752, 46 Pac. 279].)   In neither view of the case is petitioner entitled to compensation at the rate of five dollars per day for each day actually employed in the service of such city, as provided in section 17 of the Weights and Measures Act.

As we construe the act, it seeks to provide a uniform system for the regulation of the measurement and graduation of merchandise, manufactured articles, and commodities sold and manufactured throughout the state, provides for the appointment of a state sealer of weights and measures, and makes it compulsory upon the board of supervisors of the various counties to appoint a sealer of weights and measures or apply to the state sealer to assign a deputy to such county, and delegates to the legislative bodies of the various cities of the state the power, the exercise of which is optional, to appoint a sealer of weights and measures for such city.   While not compelled to make such appointment, they may do so, in which case, as provided by section 19 of the act, the officer in the performance of his duties is controlled by the Weights and Measures Act, and any violations of the provisions of the law become misdemeanors to be prosecuted by state officials.   The delegation to cities of such power, to be exercised at their discretion, is, as we construe the law, the same as though the charter had in express terms made provision therefor, and it becomes a municipal affair to the extent that the making of such appointment and the fixing of such official's compensation is a matter solely within the control and right of the municipality.

Judgment affirmed.

Conrey, P. J., and James, J., concurred.