[No. 1412.]

THE STATE OF NEVADA, EX' REL. FRANK R. McNAMEE, RELATOR, *v.* WILLIAM SPINNER, COUNTY RECORDER AND EX OFFICIO COUNTY AUDITOR OF EUREKA COUNTY, NEVADA, RESPONDENT.

1—ACT OF THE LEGISLATURE FIXING SALARY OF SPECIFIC JUSTICE OF THE PEACE (STAT. 1891, P. 35) CONSTITUTIONAL.—The act of the legislature entitled "An act fixing the salary of justice of the peace in and for Eureka township, Eureka county, State of Nevada" (Stats. Nev., 1891, p. 35), by the terms of which the justice of the peace in the township named was allowed a salary of $60 per month in lieu of fees from the county, though a special and local act, is not unconstitutional and is therefore valid.

2—CONSTITUTION—POWER OF LEGISLATURE UNDER, TO ENACT SPECIAL LAWS CONCERNING SALARIES OF COUNTY AND TOWNSHIP OFFICERS.—The former constitutional restriction upon the legislature concerning the subject of *compensation* of county and township officers was, prior to the year 1891, removed in terms by the amendment of art. IV., sec. 20, of the constitution by the *exception* to the provision restricting the legislature concerning the passing of special and local laws regulating county and township business. (Art. IV, sec. 20, as amended February 11, A. D. 1889.)

ORIGINAL PROCEEDING. Application for alternative writ of *mandamus.*

The facts are sufficiently stated in the opinion.

*Thomas Wren,* for Relator:

The only question presented for determination is the constitutionality of the act of the legislature of Nevada fixing

the salary of the justice of the peace of Eureka township, Eureka county. (Stats. 1891, p. 35.)

It has been the uniform custom of the legislature, from the adoption of the state constitution to the present time, to pass local and special laws regulating the fees and compensation of county and township officers.

In the debates in the constitutional convention there seemed to be some question amongst the members as to whether the passage of such laws would not be in violation of section 20, article IV., of the constitution as adopted, but it was finally conceded that the passage of such laws was not prohibited by that section. In order to make the section plainer, an amendment was adopted in 1889 conferring the authority upon the legislature to pass such laws. With this later provision incorporated in section 20 it is difficult to understand how it can be plausibly contended that the act fixing the salary of the justice in Eureka township is unconstitutional. If it be unconstitutional every officer of Eureka county and of most of the other counties of the state is drawing a salary or receiving fees illegally.

*Peter Breen*, for Respondent:

Respondent contends that the act in question is in conflict with three sections of the state constitution, to wit: Sections 20, 21 and 25, article IV., and is therefore unconstitutional. The ninth subdivision of section 20 prohibits the legislature from passing local or special laws regulating county or township business. Fixing the compensation of officers is a regulating of county and township business within the meaning of the constitutional prohibition. (*Singleton* v. *Eureka Co.*, 22 Nev. 91.)

It is true that the amendment to section 20, ratified at the special election of 1889, would seem to give color of constitutionality to the act of 1891, but section 20, as amended, must be read and construed in connection with section 21, article IV., which provides that "in all cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general and of uniform operation throughout the state."

"The rules of construction of statutes apply equally well to the construction of constitutions." And as all of the

sections and provisions of a statute must be, when possible, construed together, so the various sections of a constitution bearing upon a given point must be taken into consideration when determining the constitutionality of a law. (*State* v. *Arrington*, 18 Nev. 14.)

The amendment to section 20 is limited in its operation and scope by section 21 to the extent that the regulation of county and township business, in fixing the compensation of officers, cannot be done by a local or special law where " a general law can be made applicable."

That in the matter of fixing the compensation of a justice of the peace a "general law can be made applicable" there can be no doubt, for as a matter of fact for nearly thirty years the office of justice of the peace has been conducted under a general law in regard to fees and compensation. (Gen. Stats., 2342–2354.)

It is laid down in *Williams* v. *Bidleman* (a case cited in *Singleton* v. *Eureka Co.*), that the legislature has not the power to dispense with the provisions of a general law regulating county business in favor of one officer and leave those provisions in force as to all others. (*Williams* v. *Bidleman*, 7 Nev. 68.) This is precisely what the legislature did or attempted to do when it enacted the act of 1891. It dispensed with the provisions of the general law regulating the compensation of justices of the peace of Eureka county and the state at large in favor of the justice of the peace of Eureka township by entitling that officer to a special salary of $60 per month in addition to fees in certain cases.

The act of 1891 is not only not applicable to townships of a particular class, as for instance of a certain voting population throughout the state, but it excludes from its provisions the various other townships (three in number) of Eureka county and is, therefore, in derogation of that uniform system of county and township government, which the legislature under section 25, article IV. of the constitution is required to establish throughout the state. (*State* v. *Boyd*, 19 Nev. 43; *Welsh* v. *Bramlett*, 98 Cal. 319.) Again "if the act * * * regulating the internal affairs (of a county) be of a general nature, although it may not be applicable to all the counties of the State * * * and showing the legislation to be appropriate to some counties or localities and inappropriate

to others, the counties or localities will be considered as a class by themselves as respects such legislation, and legislation affecting such a class is general. But if the act  \*  \*  \* regulating the internal affairs of a county excludes from its operation counties or localities similarly situated and in like relation to the legislative purpose, then the classification is not uniform and is faulty as being local and special." (*Singleton* v. *Eureka Co.*, 22 Nev. *ante.*)

As far as the exclusion of other localities, similarly situated, is concerned, the act of 1891, could not have been so construed as to make it more faulty or less uniform.

If the act in question be constitutional a township, the justice in which may not have a dozen days' office labor in a year, may, by boss or lobby work in return for political or other services, or in the cause of nepotism, be placed in a position to literally rob taxpayers in the drawing of a fat salary.

It does not follow that because other officers are possibly receiving compensation for their services under unconstitutional laws that the act in question is constitutional. Two wrongs do not make a right.

*Thomas Wren*, for Relator, in reply:

The rules of construction of constitution and statutes are so familiar that it is needless to cite authorities.

In construing the constitution all of its provisions must be read together and upheld if possible.

If any of its provisions are so inconsistent and conflicting that they cannot be reconciled, then the provision or amendment latest adopted must prevail.

Applying these rules in the present case there should be no difficulty in determining it.

By the Court, BELKNAP, J.:

This is an application for a writ of *mandamus* requiring the respondent, as ex officio auditor of Eureka county, to audit and allow the relator's claim for salary as justice of the peace of Eureka township.

At the session of the legislature in the year 1891, an act was passed allowing the justice of the peace of Eureka township a salary of $60 per month, in lieu of fees. (Stats. 1891,

p. 35.) The only question is whether the legislature had the power to adopt a special law applicable to the incumbent of this office.

The objection is that the law is special and local, regulating county and township business, contrary to the provisions of section 20 of article IV. of the constitution.

The authority to enact special laws fixing the compensation of county officers has been frequently exercised by the legislature. No judicial question as to the constitutionality of such legislation had been made until the case of *State* v. *Fogus*, 19 Nev. 247, was decided. In that case the power of the legislature to adopt laws of this nature was upheld. That decision was followed and approved in the case of *Mining Co.* v. *Allen*, 21 Nev. 325.

It would seem that these cases should have settled the question adversely to the relator's contention, but the constitution itself has been amended since the decision in *State* v. *Fogus*, and, as amended, removes, in terms, all restrictions upon the legislature upon the subject of compensation of county and township officers. The amendment is as follows: " Sec. 20. The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: \* \* \* regulating county and township business. \* \* \* But nothing in this section shall be construed to deny or restrict the power of the legislature to establish and regulate the compensation and fees of county and township officers."

Let the *mandamus* issue.