[No. 2530]

## N. P. MOORE, APPELLANT, *v.* HUMBOLDT COUNTY, RESPONDENT.

[204 Pac. 880 ; 210 Pac. 401]

1. STATUTES—LOCAL AND SPECIAL LAW REDUCING PAY OF CONSTABLE IS NOT PROHIBITED.
   Const. art. 4, sec. 20, prohibiting the enactment of local or special laws in any of the enumerated cases, not including the creation or abolition of the office of constable nor the regulation of his salary, and providing that nothing therein shall be construed to deny or restrict the power of the legislature to establish and regulate the compensation and fees of county and township officers, manifestly does not prohibit the enactment of a local and special law reducing the pay of a constable.

2. SHERIFFS AND CONSTABLES—OFFICE OF CONSTABLE IS NOT "CONSTITUTIONAL OFFICE."
   The office of constable is not a constitutional office within the rule that the legislature cannot abolish constitutional offices.

3. OFFICERS—LEGISLATURE CAN REDUCE SALARIES OF OR ABOLISH OFFICES NOT CONSTITUTIONAL.
   An office which is not constitutional can be abolished or the salary thereof reduced by the legislature.

### ON REHEARING

1. STATUTES—OFFICE OF CONSTABLE THROUGHOUT STATE MAY BE ABOLISHED, BUT NOT IN SINGLE TOWNSHIP ALONE.
   While the office of township constable, not being a constitutional office, may be abolished from the entire system of township government, abolishment thereof from a single township contravenes Const., art. 4, sec. 25, guaranteeing a uniform system of township government throughout the state.

2. CONSTITUTIONAL LAW—INDIRECT LEGISLATION CANNOT ACCOMPLISH PURPOSE NOT DIRECTLY POSSIBLE.
   The legislature cannot do that indirectly which it is prohibited from doing directly.

3. OFFICERS—STATUTE LOWERING SALARY OF LEGISLATIVE OFFICER TO FORCE HIM FROM OFFICE UNCONSTITUTIONAL.

The legislature may reduce the salary of a legislative officer when done in good faith for public welfare, but not for the sole purpose of legislating the officer out of office, and a statute with that purpose is void.

4. OFFICERS—REDUCTION OF SALARY OF CONSTABLE IN SINGLE TOWNSHIP HELD UNCONSTITUTIONAL ATTEMPT TO ABOLISH OFFICE.

A statute reducing the salary of constable in a single township from $1.800 to $5 per year is not a regulation within Const., art. 4, sec. 20, but an unconstitutional attempt to abolish that office by a colorable reduction of compensation.

APPEAL from Sixth Judicial District Court, Humboldt County; *James A. Callahan,* Judge.

Action by N. P. Moore against Humboldt County. Judgment for defendant on sustaining demurrer to the complaint, and the plaintiff appeals. **Affirmed. On rehearing, reversed and remanded** (DUCKER, J., dissenting).

*Campbell & Robins,* for Appellant:

The act of the legislature of March 28, 1921 (Stats. 1921, p. 387), reducing the salary of the constable of Union township, Humboldt County, is unconstitutional, being violative of the provisions requiring a uniform system of local and state government. (Const. Nev., art. 4, secs. 20, 21, 25), and in that it attempts to destroy indirectly a constitutional office. Wolf v. Humboldt, 105 Pac. 286. "A constitutional officer cannot be legislated out of office, and what cannot be done directly is likewise prohibited indirectly, as, for instance, by repealing all provisions for the payment of compensation." 22 R. C. L. 580; 23 Am. & Eng. Ency. Law, 2d ed., p. 421; Powell v. Durden, 31 S. W. 741; State v. Shreveport, 134 Am. St. Rep. 496; Board v. Westbrook, 1 South. 352; Reid v. Smoulter, 5 L. R. A. 517; People v. Howland, 41 L. R. A. 838.

"A constable is a constitutional officer." Allor v. Wayne County, 4 N. W. 492. "Where an office existed at the time of the adoption of the constitution, and the

constitution did not abolish it, it was a constitutional office." Massenburg v. Board, 23 S. E. 998. A constitutional officer does not necessarily mean one that is created by the constitution, or whose election or appointment is provided for specifically. State v. LaGrave, 23 Nev. 373; State v. Douglass, 33 Nev. 82.

*L. G. Wilson,* District Attorney, for Respondent:

The legislature has the power, under the constitution, to fix the compensation of a constable by a special or local law. "But nothing in this section shall be construed to deny or restrict the power of the legislature to establish and regulate the compensation and fees of county and township officers." Const. Nev., sec. 20, art. 4; State v. Spinner, 22 Nev. 213; State v. Fogus, 19 Nev. 247; Comstock M. Co. v. Allen, 21 Nev. 325.

The legislature has the power to abolish an office that is not a constitutional one. State v. Tilford, 1 Nev. 201; State v. Douglass, 33 Nev. 82.

Under our constitution, the office of constable is not a constitutional one; it is created by the legislature, and hence can be abolished by the power that created it. 35 Cyc. 1516; Commonwealth v. Benfield, 5 Pa. Dist. R. 382.

The mere fact that the office of constable is an ancient one does not necessarily mean that the framers of the constitution intended to make it a constitutional one. "Upon the adoption of a constitution, no official functions can be exercised otherwise than is provided by such constitution; all existing officers cease to be such when it goes into operation, and all vacancies occurring thereafter must be filled according to the manner prescribed in such constitution." 8 Cyc. 763.

There is always a presumption in favor of the constitutionality of an act of the legislature; any doubt as to its constitutionality will be resolved in favor of the act. State v. Yancy, 27 S. W. 380.

The legislature is the sole and exclusive judge of the adequacy of compensation to be paid any officer whose

salary is not fixed by the constitution. Standard Oil Co. v. Graves, 162 Pac. 563; Ex Parte Kair, 28 Nev. 436; Wesch v. Detroit, 107 Mich. 149.

By the Court, COLEMAN, J.:

This action is brought to recover an amount alleged to be due the plaintiff for services rendered as constable of Union township, Humboldt County, Nevada, for a period of a little more than two months  It is alleged in the complaint that at the time of plaintiff's appointment the salary of said office was $150 per month, and that thereafter the legislature passed an act, which was approved by the governor, fixing the salary at $5 per annum. It is also alleged that a claim in due form was presented to the board of county commissioners for the amount alleged to be due, and that the said board disallowed the same, and all thereof save and except an amount admitted to be due under the terms of the act reducing the salary. The complaint prays judgment in the amount stated in the claim presented to said board by the plaintiff. To this complaint a demurrer was filed, upon the ground that the complaint does not state a cause of action. The demurrer was sustained, and judgment rendered in favor of the defendant, from which plaintiff has appealed.

While several reasons are urged in support of the contention that the act reducing the salary is unconstitutional, they may be considered under two heads: First, that the act is local and special, and violative of the express provisions of the constitution; and, secondly, that the office of constable is a constitutional one, and cannot be abolished by the legislature, and that the act is, in effect, an abolition of the office. We will take up these questions in the order named.

1. There is no ground for the first contention. Article 4, section 20, of the constitution, which is the provision imposing an inhibition against the enactment of local or special laws, reads:

"The legislature shall not pass local or special laws

in any of the following enumerated cases—that is to say [enumerating the cases]."

The creation or abolishing of the office of constable is not one of the cases mentioned, nor is the regulation of the salary of a constable one of the enumerated cases which come within such inhibition. On the other hand, the concluding sentence of the section mentioned expressly provides:

"But nothing in this section shall be. construed to deny or restrict the power of the legislature, to establish and regulate the compensation and fees of county and township officers.   *   *   *"

The mere reading of this section must dispose of the contention.

2. It is most strenuously urged upon our consideration that the purpose of the act in question was not in good faith to regulate the salary, but to so cripple the efficient administration of the office as to result in its abolishment. A strong case is made in support of this theory, and we are not prepared to say that there is no merit in it. However, not finding it necessary to determine the question, we have merely given it a cursory consideration. Hence we will assume, for the purpose of this case, without so deciding, that the contention is sound. So assuming, we are unable to reach the conclusion that the judgment is erroneous, for the reason that we are persuaded not only from our own independent study of the question, but from a due regard for the expressions of this court by our worthy predecessors, that the legislature has plenary power in the matter of abolishing the office of constable. We base this conclusion upon the fact that the office is not created by the constitution. We might rest this conclusion upon one of the very early decisions of this court, rendered but shortly after the constitution had been adopted, and concurred in by one who was a member of the constitutional convention, fresh from inspirations partaken of therein. In that decision (State v. Tilford, 1 Nev. 240) the court said:

"The constitution provides for the election of county commissioners, county clerks, county recorders, district attorneys, sheriffs, county surveyors, and public administrators. Such constitutional offices the legislature could not abolish, and the incumbents would have the right to hold until 1867. As to other county offices, the legislature is allowed by the constitution to create or abolish them."

Accepting this decision as conclusive upon us, we must hold that the legislature can abolish the office of constable. But we are not confined to said decision for authority in support of this conclusion, for in State v. Arrington, 18 Nev. 412, 417, 4 Pac. 735, 739, the court said:

" * * * The framers of the constitution decided for themselves that the officers named were necessary and should be elected by the people; but they left it to the legislature to decide as to the necessity of additional ones, whether state, county or township. * * * "

We do not question the correctness of the decisions to which we have adverted, nor do we see how they can be questioned.

This disposes of the contention that the office of constable cannot be abolished.

3. It is not contended that an office which is not constitutional cannot be abolished or the salary thereof reduced; nor could such contention be made by one familiar with the decisions of this court. State v. Spinner, 22 Nev. 213, 37 Pac. 837.

The judgment is clearly right, and is affirmed.

## ON REHEARING

By the Court, COLEMAN, J.:

It is said that the court decided in its former opinion that the purpose of the act in question was to abolish the office of constable of Union township. It is contended that such was the effect of the act, and that such legislation is interdicted by article 4, section 25, of the constitution, providing for the maintenance of a

uniform county and township government in the state. We did not decide that such was either the purpose or effect of the act. We simply assumed such to be its effect, and acted upon that assumption.

1. In our former opinion we held that the office of constable is not a constitutional office, and that it can be abolished. In this we were correct, but we were not correct in holding that the legislature could abolish the office for Union township alone. The office can be abolished, but it must be abolished as an office in our entire system of township government. Any statute which singles out the office of constable for a particular township and attempts to abolish it would be void, because such an act would violate the terms of article 4, section 25, of the constitution which guarantees to the people of the state a uniform system of township government throughout the state. Singleton v. Eureka Co., 22 Nev. 91, 35 Pac. 833. The people of Union township are entitled to the office of constable as much as are the people of the other townships of the state.

2. This brings us to a consideration of the contention that the act in question, in effect, abolishes the office of constable for Union township, and hence is void. It is said that while the act purports to be one to reduce the salary of the constable of Union township, its purpose and practical effect is to abolish the office; and it is contended that, since the office cannot be abolished by an act, the clear import of which would be to abolish it, the same end cannot be accomplished indirectly. This court has repeatedly held that what cannot be done directly cannot be done by indirection.

Let us see if the situation confronting us brings the case within that rule. Prior to the enactment of the statute in question, the plaintiff was getting a salary of $150 per month, or $1,800 per year. Under the statute in question it is provided that he shall receive a salary of $5 per year, or $41\frac{8}{12}$ cents per month. This is a princely salary. It is surprising that the legislature did not make plaintiff a "dollar-a-year" man. Whatever

may have been the reason prompting the legislative action, can it be doubted what the purpose was? It is evident that it was an attempt to abolish the office of constable for Union township.

3.   This is not the first case on record in which the question has been presented.   Several times a similar question has found its way to the highest courts of the land.   In the case of State v. City of Shreveport, 124 La. 178, 50 South. 3, 134 Am. St. Rep. 496, the court disposed of this identical question, and in doing so reviewed, at some length, previous decisions on the point.   The deduction to be drawn from the case mentioned and those reviewed by it is that the legislature may reduce the salary of a legislative officer when it is done in good faith, for the public welfare, but not when the sole purpose is to legislate an officer out of office, and that a statute enacted for that purpose is void. This view is, we think, the correct one for us to take. It is supported by the great weight of authority, as well as by sound reasoning; in fact, so far as we are aware, no court has decided to the contrary.

The case just mentioned was one in which the city council of the city of Shreveport undertook to reduce the salary of the relator as city auditor from $1,500 to $300 per annum.   The court held that the city council had no authority to abolish the office of city auditor, and, after indulging in criticism of a supposed case, said:

"But what practical difference is there between such a case and one like the present, where, as shown by the evidence, the salary is fixed so low that no competent person would accept the office, where the ostensible fixing of the salary is a mere mask for abolishing the office or removing the officer?   Is the illegality of the action of the council to escape the vision of the courts simply because it is masked?   Are the courts to be circumvented by a plain subterfuge?"

So far as we are advised, no court has held that the reduction of the salary of a public officer from a

substantial to an absurdly nominal amount does not operate, in effect, to abolish the office. The court in the case we have mentioned quotes from practically all of the decisions on the point, and, in support of the position which we take, we content ourselves by directing attention thereto and referring to the statement in Connor v. City of N. Y., 4 N. Y. Super. Ct. 355, that an "office could not be virtually abolished by a colorable reduction of the compensation, or by taking it away altogether."

4. But counsel for respondent contend that the concluding paragraph of article 4, section 20, of the constitution, gives the legislature the express authority to reduce the salary of township officers, and hence the act is in harmony with the unqualified authorization of the constitution. The concluding sentence of the section does reserve to the legislature the authority to regulate the compensation of township officers; but the trouble with the act in question is that it is not regulatory in character—it operates to abolish the salary, and, in effect, the office. Had the legislature reduced the salary to such an amount as might be considered regulatory, it would have been acting within the scope of the authority reserved to that body, which it probably had, independent of such reservation.

It follows from what we have said that the judgment of the lower court must be reversed and the case remanded for proceedings in accordance herewith.

It is so ordered.

SANDERS, C. J.: I concur.

DUCKER, J.: I dissent.