## MOORE *v.* HUMBOLDT COUNTY

No. 2673

February 14, 1925.                    232 Pac. 1078.

1. CONSTITUTIONAL LAW—RIGHT OF LEGISLATURE TO LEGISLATE ON COMPENSATION OF TOWNSHIP OFFICERS CANNOT BE DELEGATED.
    Under Const. art. 4, secs. 1, 20, legislature has right to legislate on compensation of township officers, and such right cannot be delegated to boards of county commissioners, as is attempted by Stats. 1919, c. 220, authorizing boards of county commissioners to fix compensation of township officers.

2. CONSTITUTIONAL LAW—POWER VESTED IN ONE GOVERNMENTAL DEPARTMENT CANNOT BE DELEGATED TO ANY OTHER DEPARTMENT.
    Generally, a power vested in one department of government by the constitution cannot be delegated to any other branch of the government, board, or tribunal.

3. CONSTITUTIONAL LAW—LEGISLATURE MAY LEGISLATE ON EACH SUBJECT, UNLESS PROHIBITED BY CONSTITUTION.
    Legislature has plenary power to legislate on every subject, unless there is a denial of that right by constitution.

See 12 C. J. sec. 167, p. 746, n. 5; sec. 232, p. 839, n. 71; sec. 329, p. 844, n. 51.

APPEAL from Sixth Judicial District Court, Humboldt County; *James A. Callahan,* Judge.

Action by N. P. Moore against the county of Humboldt. From an adverse judgment, plaintiff appeals. **Reversed.**

*Campbell & Robins,* for Appellant:

Constitution confers power to make laws upon legislature, and such power cannot be delegated. Const. art 3, sec. 1.

Legislature has power to fix fees of county and township officers (Const. art IV, sec. 20), and cannot delegate

this power. Reynolds v. Commissioners, 59 Pac. 730.

Legislature cannot delegate its power to make a law but it can make a law to delegate a power to determine from state of facts or things upon which the law makes its own action depend. Locke's Appeal, 13 Am. Rep. 716; State v. Shaughnessy, 47 Nev. 129.

Legislature may provide maximum and minimum salary of county officers (not employees) and vest in commissioners discretionary authority of determining salary within such limits. Bennett v. State, 150 Pac. 198.

In State v. O'Brien, 115 N. E. 27, limits were made by legislature, but even then court said it was attempt to delegate power and so unconstitutional.

Law authorizing judge to fix reporter's salary is unconstitutional. Smith v. Strother, 8 Pac. 852. Judge's salary cannot be fixed by county supervisors. Healey v. Dudley, 5 Laws (N. Y.), 115.

With exception of Wisconsin, every state has held fixing county officer's salary is making of law which cannot be delegated. A number of states hold that fixing officer's salary within certain limits does not violate constitution. Other courts hold this is mere subterfuge to avoid principle that legislature cannot delegate its power.

Interest of people in particular localities probably would be better subserved if county commissioners could fix salaries of certain local officers, but constitution does not allow it. In fact, during last three legislative sessions attempts have been made to amend constitution permitting this. In 1919, such amendment was proposed and passed that and succeeding legislatures and was voted for by people in 1922 but, through inapt wording, resolution accomplished exactly opposite effect (Stats. 1919, 486; Stats. 1920–1921, 410), and placed it squarely within legislature. Another resolution was introduced in 1923 (Stats. 1923, 411), which, if again passed and favorably voted on in 1926, then and not before will legislature have right to delegate this authority.

Legislature possesses all power not forbidden by constitution. Williams v. Evans, 165 N. W. 495.

That municipalities and corporations may regulate their affairs is not answer to our position. Right of legislature to establish towns and confer on them power of local government has never been challenged. Cooley, Con. Lim. (4th ed.) 230.

*L. G. Wilson,* District Attorney, for Respondent:

General doctrine that legislature cannot delegate its powers has its limitations. In 1890, Washington passed act providing that where duties of any officer were greater than he could perform, he might employ, with consent of commissioners, necessary help and pay for such service. In Nelson v. Troy, 39 Pac. 974, the act was upheld on ground of immemorial practice in England and this country of recognizing propriety of vesting in municipalities certain powers of local regulation in respect to which parties immediately interested may be fairly supposed to be more competent to judge of their needs than any central authority.

Cooley speaks of American system of government as one of complete decentralization, primary and vital idea of which is that local affairs shall be managed by local authorities, and general affairs only by central authorities. Cooley, 228.

Fundamental as maxim is that legislature cannot delegate its power, it is so qualified by customs and by other maxims regarding local self-government, that right of legislature in absence of authorization or prohibition to create towns and confer powers of local government could always pass unchallenged. Cooley, 230. Questions of local concern may be referred to voters of county for decision. Bradshaw v. Lankford, 21 Atl. 66.

We have no constitutional inhibition on power of legislature to delegate their authority to commissioners or other local government, to fix salary of township officer, while in California there is such provision which was held mandatory in Dougherty v. Austin, 29 Pac. 1092. North Dakota has similar provision, and in Doherty v. Ransom County, 63 N. W. 148, while affirming general rule says "it is equally true that power thus possessed can in absence of inhibition be delegated,"

citing Cooley (5th ed.) 228; 2 Am. & Eng. Enc. 699. No California case holds that this power cannot be delegated to local authorities in absence of constitutional inhibition.

Legislative power cannot be delegated but legislature may enact additional laws and refer them to local communities to decide whether or not such laws shall have effect there. Regulation of county officer's salary is purely local. Ryan v. Outagamie Co. (Wis.), 50 N.W. 340.

Legislature can deal with general law only. County commissioners can exercise limited legislative authority. Legislature may delegate certain administrative functions to local authorities which may exercise discretion which their better acquaintance with local conditions aids. McNeil v. Sparkman, 63 South, 977.

## OPINION

By the Court, COLEMAN, C. J.:

Plaintiff was the duly elected, qualified, and acting constable in and for Union Township, Humboldt County, Nevada, during and for the period from June 1, 1921, to and including November 30, 1922. In 1909 the legislature fixed the monthly salary of the constable of that township at $150 per month. 1909 Stats. p. 144. In 1919 the legislature passed an act empowering the board of county commissioners of each county in the state to fix the compensation of the township officers. 1919 Stats. p. 395. The board of county commissioners of Humboldt County, on July 5, 1920, fixed the salary of the constable of Union Township for the years 1921 and 1922 at $125 per month. Plaintiff, claiming that the statute of 1919 is unconstitutional, demanded payment on the basis of $150 per month. His claim was allowed on the basis of $125 per month, and he brought suit for the difference. The trial court held the act of 1919 to be constitutional, and that plaintiff could recover on the basis of $125 only, and rendered judgment accordingly. From this judgment plaintiff has appealed.

1. On behalf of the plaintiff it is said that under our

constitution the legislature has the sole power to establish and regulate the compensation of township officers and that it cannot delegate to the boards of county commissioners of the respective counties the authority to do so, and hence the salary fixed by the legislature in 1909 is still in force.

Section 1, art. 4, of our constitution provides that the legislative authority of the state shall be vested in the legislature of the state. Section 20 of article 4 enumerates several matters concerning which the legislature cannot legislate, but in the concluding paragraph it is provided as follows:

"But nothing in this section shall be construed to deny or restrict the power of the legislature to establish and regulate the compensation and fees of county and township officers."

Counsel for respondent contends that power to establish and regulate the salary of township officers is not legislative, and cites some authorities upon which reliance is had to sustain the contention. Whatever may be the rule upon this point in certain states can be no guide to us in this matter. We must look to our own organic law for direction. During the convention which formulated our constitution, a provision designated section 20, art. 4, was proposed, reading as follows:

"Sec. 20. The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: Regulating the jurisdiction and duties of justices of the peace and of constables; for the punishment of crimes and misdemeanors; regulating the practice of courts of justice; providing for changing the venue in civil and criminal cases; granting divorces; changing the names of persons; vacating roads, town plots, streets, alleys, and public squares; summoning and empaneling grand and petit juries, and providing for their compensation; regulating county and township business; regulating the election of county and township officers, and their compensation for the assessment and collection of taxes for state, county, and township purposes; in relation to fees and salaries;

in relation to interest on money; providing for opening and conducting elections of state, county, or township officers, and designating the place of voting; providing for the sale of real estate belonging to minors or other persons laboring under legal disabilities."

There was considerable discussion concerning this section, and finally Mr. Frizzell made a motion to amend by striking out the words, "county and township officers" and also by striking out "in relation to fees and salaries." The motion was adopted. See Marsh's Constitutional Debates, pp. 146–152, inclusive.

In virtue of this action by the constitutional convention, the legislature was not denied the power to pass special laws concerning compensation of township officers. State v. Fogus, 19 Nev. 247, 9 P. 123. Thereafter section 20, art. 4, of the constitution was amended so as to read as it did at the time this plaintiff was elected (though it has since been changed), as was pointed out in Moore v. Humboldt County, 46 Nev. 220–228, 204 P. 880, 210 P. 401, the right to legislate upon township officers' salaries has been reserved to the legislature (State v. Spinner, 22 Nev. 213, 37 P. 837), a right which it would no doubt have had had there been no such reservation. It would seem that this must dispose of the point that the right to legislate upon the question of the salaries of township officers is not legislative.

By way of precaution counsel for respondent says that, in case we take a different view from that just contended for, "there is no inhibition in our constitution, expressly or impliedly, to the delegation by the legislature of the power," to establish and regulate the compensation of township officers. We find no express inhibition, but we are of the opinion that, since this power is reserved to the legislature, there need be no provision in the constitution negativing the power of the legislature to delegate its legislative power. This rule was recognized in State v. Hallock, 14 Nev. 202, 33 Am. Rep. 559, where it was said:

"It is true that the constitution does not expressly

inhibit the power which the legislature has assumed to exercise, but an express inhibition is not necessary. The affirmation of a distinct policy upon any specific point in a state constitution implies the negation of any power in the legislature to establish a different policy. 'Every positive direction contains an implication against anything contrary to it which would frustrate or disappoint the purpose of that provision. The frame of the government, the grant of legislative power itself, the organization of the executive authority, the erection of the principal courts of justice, create implied limitations upon the lawmaking authority as strong as though a negative was expressed in each instance.' People v. Draper, 15 N. Y. 544. The presumption is always that the positive provisions of a constitution are mandatory and not merely directory (Cooley's Con. Lim. 78, 79), and there is nothing to overthrow this presumption with respect to the provisions under discussion."

This disposes of the point that there is no inhibition in the constitution to the delegation by the legislature of the power in question.

2.   It is the well-recognized general rule that a power vested in one of the departments of our government by the constitution cannot be delegated to any other branch of the government, board, or tribunal. As said by an eminent writer:

"Where the sovereign power of the state has located the authority, there it must remain; and by the constitutional agency alone, the laws must be made until the constitution itself is changed." Cooley, Con. Lim. (5th ed.), p. 139; 6 R. C. L. 164.

This court held in State v. Shaughnessy, 47 Nev. 129, 217 P. 581:

"That the legislature cannot delegate legislative power, but it may delegate authority or discretion, to be exercised   *   *   *   in pursuance of the law."

In the case of State v. O'Brien, 95 Ohio St. 166, 115 N. E. 25, wherein the question under consideration was the validity of a statute which authorized the county commissioners to fix certain salaries within

designated limits, the court held the act unconstitutional as an attempt to delegate legislative authority. This decision goes further than the majority of the rulings.

In Reynolds v. Board of County Commissioners, 6 Idaho, 787, 59 P. 730, the court held that, while the legislature could not delegate its authority to fix certain salaries, it could authorize a board of county commissioners to fix salaries within certain limits.

The law in California is to the effect that the regulating of salaries of county officers is a legislative function that cannot be delegated. Starter v. Siskiyou County, 42 Cal. App. 530, 183 P. 852.

In Doherty v. Ransom County, 5 N. D. 1, 63 N. W. 148, it was held that the legislature could not delegate the authority conferred upon it by the constitution of the state to regulate the salary of county officers. The Supreme Court of South Dakota, in Brookings County v. Murphy, 23 S. D. 311, 121 N. W. 793, held to the same effect.

In State ex rel. Buford v. Spencer, 81 Fla. 211, 87 So. 634, it was held that a statute giving county commissioners authority to fix the salaries of county officers was in violation of the constitutional provision regulating the compensation of county officers to be fixed by law. To the same effect, Healey v. Dudley, 5 Lans. (N. Y.) 115.

The only case which seems to lay down the contrary rule is that of Ryan v. Outagamie County, 80 Wis. 336, 50 N. W. 340, decided by the Supreme Court of Wisconsin. In that case it is said that—

"It has been the policy of our laws for many years to empower county boards to fix the salaries of county officers."

It is not pointed out in the case from what that policy sprang, but, in Brookings County v. Murphy, supra, it is said that there is a constitutional provision in certain states, among them Wisconsin, authorizing the legislature to confer such power upon boards of supervisors.

3. It is a well-known rule that the legislature has plenary power to legislate upon every subject, unless

there is a denial of that right by the constitution. Gibson v. Mason, 5 Nev. 283. The makers of our constitution were cognizant of that rule, but, notwithstanding that fact, the constitution expressly reserves to the legislature the right to establish and regulate the compensation of township officers. This would seem significant. It can be interpreted in no other way than as a manifestation of an anxiety to make sure that all legislation on the subject is reserved to the legislature. In view of this evident anxiety as expressed in the constitution, we should be reluctant to take any other view than one which accords with the almost unanimous conclusion, as expressed by the courts of the country, to the effect that the legislative prerogative of regulating the compensation of township officers cannot be delegated. Being of this opinion, the judgment and order must be reversed.

It is so ordered.