## CAWLEY *v.* PERSHING COUNTY

No. 2746

May 4, 1927.                    255 P. 1073.

1. SHERIFFS AND CONSTABLES—SALARY, UNAUDITED CLAIM.
    Constable's claim against county for salary additional to that allowed by county commissioners under Stats. 1919, c. 220, *held* barred where no presentment was made to board of county commissioners within six months from time claim became due and payable under Stats. 1865, c. 80, sec. 25 (Rev. Laws, 1524), covering all "unaudited claims"; claim of constable being unaudited claim in view of Stats. 1865, c. 80, secs. 8, 9, 12, 24, though demand was claimed to be fixed by law.

2. CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWER.
    Stats. 1919, c. 220, authorizing boards of county commissioners to fix compensation of township officers, *held* not unconstitutional delegation of legislative power, as Const. art. 4, sec. 32, as amended, requiring legislature to provide for election of certain officers, does not include township officers.

3. CONSTITUTIONAL LAW—AMENDMENT.
    In amending statute or constitutional provision, omission of portion of original provision carries implication that omitted part was intended to be ineffective.

4. STATUTES—LIMITATION OF LEGISLATIVE POWER.
    Power of county commissioners to regulate salary of township officers, under Stats. 1919, c. 220, *held* not in conflict with Const. art. 4, sec. 20, restricting legislative powers.

### C. J.–CYC. REFERENCES

CONSTITUTIONAL LAW—12 C. J. sec. 95, p. 725, n. 11 (new) ; sec. 358, p. 862, n. 49, 51.

COUNTIES—15 C. J. sec. 173, p. 507, n. 6.

COURTS—15 C. J. sec. 304, p. 916, n. 90.

SHERIFFS AND CONSTABLES—35 Cyc. p. 1603, n. 76; p. 1605, n. 96 (new).

STATUTES—36 Cyc. p. 1016, n. 74; p. 1080, n. 52.

TOWNS—38 Cyc. p. 626, n. 83.

APPEAL from Sixth Judicial District Court, Pershing County; *L. O. Hawkins,* Judge.

Action by Michael Cawley against Pershing County. Judgment for defendant on three causes of action alleged and for plaintiff on the fourth, and both parties appeal, plaintiff being designated appellant. **Affirmed as to plaintiff's appeal, and reversed as to defendant's appeal.**

*H. J. Murrish* and *Campbell & Robins,* for Cawley:

Only unaudited claim can be reduced or rejected. When compensation of officer is fixed by law and no judicial inquiry is necessary to determine amount it is audited by law itself. Rev. Laws, 4967; State v. Lander Co., 22 Nev. 71; Alden v. Alameda Co., 43 Cal. 270; 20 Cyc. 235; McCoy v. Handlin, 153 NW. 361.

Claim for service performed at request of officials, or for damages, must be audited. Crouch v. Pyle, 96 NW. 1049; Chase Co. v. Kelley, 95 NW. 865.

"Other necessary officers" was omitted from amendment to section 32, article 4, but section 20 was amended on same day and power of legislature to establish and regulate compensation and fees of county and township officers was reserved. State v. Clarke, 21 Nev. 335.

California act under which Ryan v. Riley, 224 P. 1027, was decided was complete in itself and carried police, legislative and judicial powers, one of which was fixing of salaries. California had no statute limiting that power to legislature. Ryan v. Riley is based solely on text in 12 C. J. 859, holding statutes authorizing local authorities to fix salaries of local officers generally valid, and is no basis for reversing Moore v. Humboldt Co., 48 Nev. 397. Besides, C. J. text is based on Wisconsin cases, whose legislature had authority to confer such power on local boards.

True test is whether duty pertains exclusively to legislature. Florida v. Ry. Co., 57 So. 969. That fixing of salary of officer is legislative function is fully debated in Smith v. Strother, 8 P. 852, which has been quoted

and upheld but never criticized in California. Stevens v. Truman, 59 P. 398; Pratt v. Browne, 67 P. 1083; Bertim v. Mattison, 159 P. 1171. Ryan v. Riley ignores these cases.

In absence of constitutional prohibition legislature has right to create municipal organizations and confer upon them power of local government. Opinion of Justices, 100 A. 49; Cooley, Con. Lim. (7th ed.) 163, 264.

No case examined, except Ryan v. Riley and Territory v. Whitney, 7 Ann. Cas. 737, sustains text in 12 C. J. 859.

*Thos. E. Powell,* District Attorney, for Pershing County:

We find no authority for statement that Rev. Laws, 3967—the one-year limitation—refers only to unaudited claims. The six-months' limitation, Rev. Laws, 1524, refers specifically to unaudited claims.

Audit means generally, to examine, adjust, pass upon or settle, but in Rev. Laws, 1508, it means to examine, settle and allow. "Examine, settle and allow" and "audit and act upon" are used interchangeably in our law. Claim for salary, even though fixed by law, must be audited. State v. Spinner, 22 Nev. 213.

Rev. Laws, 1512, provides that no claim shall be allowed without first deducting indebtedness, if any. Many reasons might arise for reducing or rejecting officer's claim for salary. 15 C. J. 507; Mitchell v. Clay Co., 98 NW. 662; Zuelly v. Casper, 92 NE. 875.

Prior to amendment of 1889, section 32 of article 4 imposed duty on legislature to fix salaries of enumerated and "other necessary officers." Amendment of 1889 omitted words "and other necessary officers." This left legislature with power to fix salaries of officers omitted (as all powers are reserved which are not prohibited) but there was no mandatory duty imposed, and legislature therefore could either exercise that power or delegate it. There is distinction between powers which legislature may, and those which it must, exercise. It

may delegate power to fix local salaries. 12 C. J. 857; Ryan v. Riley, 223 P. 1027; Territory v. Whitney, 7 Ann. Cas. 737; Opinion of Justices, 100 A. 49; Givens v. Daviess Co., 17 SW. 998.

Moore v. Humboldt Co., 48 Nev. 397, should be reversed. Stats. 1919, c. 220, is constitutional and unrepealed. Moore case is based on sole contention that fixing constable's salary is legislative function which cannot be delegated. Appellant cites Idaho case of Reynolds v. Commissioners, 59 P. 930, in support of contention. That case held it was not legislative function, but quasi-judicial one. If function is not legislative, there can be no objection to delegating it. Section 20 has no bearing, though Moore case was grounded solely on its provision, without reference to section 32. Special acts fixing local officers' salaries were held valid in State v. Fogus, 19 Nev. 247, and State v. Spinner, 22 Nev. 213. It is illogical to say section 32, as amended, relieved legislature of power to fix local officers' salaries, but that section 20, passed the same day, again laid on it that burden. Last clause of section 20 is merely interpretive.

If act of 1919 is unconstitutional, so also must be town government act of 1865, Rev. Laws, 877 to 893, though its constitutionality has never yet been questioned.

## OPINION

By the Court, COLEMAN, J.:

Both parties in this case have appealed. The parties will be alluded to as they were designated in the trial court. The plaintiff pleaded four causes of action in his complaint. Judgment was rendered against the plaintiff on the first three causes of action and in his favor on the fourth cause of action. The plaintiff has abandoned his appeal as to his first and third causes of action, leaving the ruling on the second cause of action to be determined on his appeal. Both parties moved for judgment on the pleadings, and it was on these motions that the judgment was rendered.

For a second cause of action the plaintiff alleges that he was the duly qualified and acting constable in and for Lake Township, Pershing County, from the 5th day of March, 1922, to the 5th day of January, 1923; that the salary of said office during said period was $150 per month; that prior to the commencement of this action the plaintiff presented his claim to the board of county commissioners of Pershing County for allowance for said period of time in the sum of only $100 per month, and that the same was allowed; that thereafter, and on March 5, 1925, he presented his claim duly sworn to, for the balance of $50 per month during each of said months, and that the same was disallowed and rejected in its entirety.

The defendant filed both a demurrer and an answer to said second cause of action. The first ground of demurrer was that it did not state facts sufficient to constitute a cause of action. Another was that it appeared from the complaint itself that the said cause of action was barred by the statute of limitations.

The answer admitted the allegations as to the official services rendered, but denied that anything was due the plaintiff. As an affirmative defense the answer pleaded that the board of county commissioners of Pershing County, by an appropriate resolution adopted in July, 1920, fixed the salary of the constable of Lake Township for the years 1921 and 1922, pursuant to chapter 220, Stats. 1919, at $100 per month; that in addition to the sum of $100 per month allowed and paid the plaintiff for services as constable as alleged, the plaintiff collected and retained for his own use and benefit, and as compensation for his services as such constable, all fees in civil cases and all mileage and per diem as provided and allowed by law. The defendant also affirmatively pleaded the statute of limitations as to this cause of action.

For a fourth cause of action the plaintiff alleged that he was the duly elected, qualified, and acting constable of Lake Township, Pershing County, Nevada, from the 5th day of March, 1924, to the 5th day of February,

1925, and that during all of said period he performed all of the duties of said office; that the salary of said office during that period was $150 per month; that prior to the commencement of the action, and on and for each month, he presented his claim for salary for each of said months in the sum of $150 to the board of county commissioners of said county for approval and allowance, but that the said board refused to allow the same or any part thereof except the sum of $1.

The defendant both demurred to and answered said cause of action. The grounds of demurrer were the same as to the second cause of action.

Answering the said fourth cause of action, the defendant denied all liability. For an affirmative defense the defendant alleged that at the regular meeting of the board of county commissioners of Pershing County, held in the month of July, 1922, said board adopted a resolution fixing the salary of the constable of Lake Township at $1 per annum for the years mentioned in plaintiff's said fourth cause of action. Other matter was pleaded in defense to this cause of action, but, not having been urged, is deemed waived.

The court sustained the plea of the statute of limitations to the second cause of action upon the ground that the claim of the plaintiff was not presented to the board of county commissioners within the time prescribed by section 25 of an act entitled, "An act to create a board of county commissioners in the several counties of this state, and to define their duties and powers" (chapter 80, Stats. 1865 [Rev. Laws, 1912, sec. 1524]), which reads:

"All unaudited claims or accounts against any county in this state, shall be presented to the board of county commissioners of said county, duly authenticated, within six months from the time such claims or accounts become due or payable. *  *  *"

1. It is the contention of the plaintiff that the section quoted has no application to the situation in hand since, as he claims, his demand is one fixed by law, and hence is not an unaudited claim. We will assume for the

purpose of the case that the salary of the plaintiff is fixed by law, and, upon that assumption, determine if the claim is an unaudited one in the sense in which that word is used in the statute. With this statement assumed as correct, let us consider the statutory provisions which we think must be looked to for guidance for the arrival at a correct solution of the problem.

The act referred to, of which the section quoted is a part, is regulatory of the county government, and, we take it, so far as the various sections pertain to the subject in question, must be read together.

Section 8 of the act reads:

"The board of [county] commissioners shall have power and jurisdiction, in their respective counties: * * * To examine, settle, and allow all accounts legally chargeable against the county. * * * "

Section 9 reads:

"Every demand against the county, except the salaries of the auditor and district judge or judges, shall be acted on by the board of county commissioners, and allowed or rejected in order of presentation. * * * "

Section 12 reads:

"No demand upon the treasury shall be approved by the board of county commissioners, * * * in favor of any person or officer in any manner indebted to the county, without first deducting the amount of such indebtedness; * * * nor to any officer who shall have neglected or refused to comply with any of the provisions of this or any other act, regulating the duties of such officer, on being required, in writing, to comply therewith by any member of the board of county commissioners."

Section 24 provides:

"No person shall sue a county in any case for any demand, unless he or she shall first present his or her claim or demand to the board of county commissioners and county auditor, for allowance and approval. * * * "

Section 25 reads:

"All unaudited claims or accounts against any county in this state, shall be presented to the board of county

commissioners of said county duly authenticated, within six months from the time such claims or accounts become due and payable.   *   *   * "

If the statute upon which reliance is had to support the contention that plaintiff's salary is fixed by law contained a provision that before any month's salary should be paid the claimant should present his claim to the board of county commissioners for its examination, settlement, and allowance, there would be no question but that such course would have to be pursued notwithstanding the fact that the salary is fixed by law. No doubt counsel for the plaintiff would even concede the accuracy of this statement. What is the difference between a situation in which such a provision is incorporated in an act fixing a salary, and where it is in a general statute which is in pari materia with the salary act? There can be none. It is the law in both cases.

We do not deem it necessary in this case to indulge in hairsplitting argument as to the meaning of the word "unaudited"; what we must ascertain is: What are the requirements of the 1865 act as to the presentation of claims against the county to the board of county commissioners for allowance? This does not seem a difficult task.

Section 9 of the act tells us what demands against the county shall be acted upon by the county commissioners, and in doing so, it excepts only two, that of the auditor and the judge. Thus, by the express terms of this section it is provided that the board of county commissioners shall act upon—allow or reject—the claim of the plaintiff, though it does not name the plaintiff, or even the class to which he belongs. But this is not necessary, for the language used is all-embracing except as stated. Here are four sections of the act in question which point out the necessity of the presentation of all claims, except as noted, to the board of county commissioners for their consideration and action, which may be either by allowance or rejection as a whole or by allowance in part only. Can there be any mistake after a consideration of all of these sections just what construction

should be put upon the word "unaudited" in the connection in which it is used? We think not, nor do we think we should look for some dark, hidden meaning to be given it, but that it should be construed in the sense it was obviously used—that is, as referring to all claims except those specifically excepted in section 9. We think the case of Thornburg v. Hermann, 1 Nev. 473, is an authority in support of our conclusion.

Counsel for the plaintiff directs our attention to certain cases from other jurisdictions, but they do not aid us in construing our statute.

The judgment on the second cause of action is right and must be affirmed.

2. We come now to a consideration of the cross-appeal of the defendant taken from the judgment rendered on the fourth cause of action. This appeal involves the constitutionality of the statute of 1919 authorizing the various boards of county commissioners of the state to fix the compensation of township officers. Stats. 1919, p. 395. This question was involved in Moore v. Humboldt County, 48 Nev. 397, 232 P. 1078, wherein we held contrary to the contention of the defendant in this case. A point is made in this case which was not made or considered in the Moore case which we think is good, and which justifies a different conclusion from that reached in that case.

It is now said that while our conclusion was correct under section 32, art. 4 of the constitution, as originally adopted, the amendment necessitates a different conclusion. The section in question as originally adopted reads:

"SEC. 32. The legislature shall provide for the election by the people of a clerk of the supreme court, county clerks, county recorders, who shall be ex officio county auditors, district attorneys, sheriffs, county surveyors, public administrators, and other necessary officers, and fix by law their duties and compensation. County clerks shall be ex officio clerks of the courts of record and of the boards of county commissioners, in and for the respective counties."

The section was amended in several respects, but the only amendment material to this situation is the omission of the words, "other necessary officers." By this amendment, it is contended that the omission of the mandatory provision of the section as originally adopted to the effect that the legislature shall fix the compensation of township officers indicates an entirely different intent, and that pursuant to the amendment the authority in question may be delegated.

3. It is a well-recognized general rule that in amending a statute or constitutional provision, the omission therefrom of a portion of the original provision carries the implication that it was the intention that the omitted part should cease to be of force or effect. 36 Cyc. 1080.

Coming now to the main contention urged in behalf of the defendant, we must say that we believe it is the correct view. A situation similar to that which confronts us arose in California. In the case of Dougherty v. Austin, 94 Cal. 601, 28 P. 834, 29 P. 1092, 16 L. R. A. 161, and in Sarter v. Siskiyou County, 42 Cal. App. 530, 183 P. 852, it was held that the power to regulate the salaries of certain officers could not be delegated. Later the question again came before the same courts in Scott v. Boyle, 164 Cal. 321, 128 P. 941, and in Ryan v. Riley, 65 Cal. App. 181, 223 P. 1027, wherein it was held that because of an amendment to the constitution which authorized the legislature to create certain offices and regulate their compensation, the legislature could delegate the authority to regulate the compensation of such officers.

The court in Scott v. Boyle, supra, in speaking of Dougherty v. Austin, supra, said:

"That case decided that said section 5 confided to the legislature itself the duty to regulate and fix the compensation of county officers and that it could not delegate this duty, or any part of it, to a county board of supervisors. We are of the opinion that the provision of that section requiring the legislature to regulate the compensation of the officers referred to therein does not apply to offices created by the legislature, under said section

14, to exercise a part of the police powers of the state which the provisions of the latter section, both in its original form and as amended, recognize as something distinct from the general political functions of counties and cities and the general scheme of county or municipal government."

This reasoning sustains the contention made in behalf of the defendant to the effect that while section 32 of article 4 of our constitution as originally adopted made it mandatory upon the legislature to regulate the compensation of township officers, the amendment took away the mandatory character of the section, which left it optional with the legislature either to exercise or delegate the authority. Such, too, is the rule adopted in Ryan v. Riley, supra.

4. There is nothing in section 20, art. 4 of the constitution, to justify a different conclusion. That section is one limiting legislative authority.

For the reasons given, the judgment is affirmed as to the plaintiff's appeal and reversed as to the defendant's appeal.