## CAWLEY *v.* PERSHING COUNTY

No. 2781

March 3, 1928.                    264 P. 696.

1. SHERIFFS AND CONSTABLES—RESOLUTION FIXING CONSTABLE'S SALARY AT $1 PER YEAR HELD TANTAMOUNT TO NO SALARY, ENTITLING CONSTABLE TO RECEIVE PREDECESSOR'S COMPENSATION.

Resolution of board of county commissioners fixing constable's salary at $1 per year *held* void, under Stats. 1919, c. 220, $1 being tantamount to no salary at all, and hence constable was entitled to receive compensation which his immediate predecessor received, as provided by section 1, in case of failure of board of county commissioners to fix compensation.

C. J.–CYC. REFERENCES

SHERIFFS AND CONSTABLES—35 Cyc. p. 1551, n. 71.

APPEAL from Sixth Judicial District Court, Pershing County; *L. O. Hawkins,* Judge.

Action by Michael Cawley against Pershing County. Judgment for plaintiff, and defendant appeals. **Modified and affirmed.**

*Thomas E. Powell,* for Appellant:

Same points are here involved as in Cawley v. Pershing County, 50 Nev. 237, except there is now involved

additional contention that commissioners in reducing salary from $100 per month to $1 per annum, by their order of July 5, 1922, under Stats. 1919, c. 220, attempted to abolish office. Contention is based on Moore v. Humboldt Co., 46 Nev. 220, which was reversed in 48 Nev. 397, which held statute constitutional.

Judgment should be reversed for reason that since its rendition this court has affirmed validity of 1919 statute, and for further reason there is no evidence or anything in pleadings to sustain finding that order of commissioners had effect of abolishing office. Best evidence of this is fact that after order was made plaintiff became candidate and was elected to such office.

Commissioner's order of July 20, 1920, fixing salary at $100 per month would remain in effect if order of 1922 was void. Stats. 1919 provided if commissioners failed to fix salary, officer should receive same compensation as predecessor.

Before order of 1922 can be declared invalid it must appear constable had no lawful right to retain civil and coroner's fees and mileage, or that they were insufficient to induce persons to seek office.

Both general and special acts provide constable shall retain fees. No other disposition is made of them. 1909 statute is not repugnant to, nor repealed by, 1919 statute. Before constable's fees can be diverted to any other purpose there must be express provision therefor. There is no such provision.

*Campbell & Robins,* for Respondent:

Under stipulation attached to judgment roll respondent has bound himself by decision on former appeal and does not urge question of right of legislature to delegate power to commissioners to fix salaries of local officers.

Questions here are, does order of commissioners of 1922 in effect abolish office and, if so, is constable entitled to $150 or $100 per month?

If order of 1922 is void it is same as failure of board to fix salary, and it should be same as that of immediate predecessor.

Second question is, does order of July, 1922, fixing salary at $1 per year, have effect of abolishing office?

Stats. 1919, c. 220, under which commissioners acted, provides two modes of fixing compensation: (1) a salary; and (2) the fees as now allowed by law. Statute must be strictly construed, as commissioners can only exercise such powers as are specially granted; when law prescribed mode, all other modes are excluded. Waltz v. Ormsby Co., 1 Nev. 370; Lyon v. Ross, 24 Nev. 102; Ex rel Beck v. Washoe Co., 22 Nev. 15.

Commissioners followed statute strictly; they fixed a salary, not fees, and by order of July, 1920, they did not permit retention of fees in criminal or civil cases. It is that order which is in question. Under Moore v. Humboldt Co., 46 Nev. 220, it was virtual abolishment of office.

We claim office was never abolished; attempt to destroy office was nullity, and a nullity binds no one. Salary of $100 or $150 sustains office. Judgment should be modified from $1,049 to $699, and as so modified, affirmed.

## OPINION

By the Court, SANDERS, C. J.:

This is the second case involving the compensation of one Michael Cawley, as constable for Lake Township, in Pershing County, to reach this court. Prior to the creation of Pershing County out of a portion of Humboldt County, Lake Township was in Humboldt County. The compensation of constable for Lake Township has been the source of protracted litigation in both counties. See Moore v. Humboldt County, 46 Nev. 220, 204 P. 880, 210 P. 401; Moore v. Humboldt County, 48 Nev. 397, 232 P. 1078; Cawley v. Pershing County, 50 Nev. 237, 255 P. 1073. While Lake Township was still a part of Humboldt County, the legislature approved a special act fixing the compensation of the officers in certain townships, including Lake, at $150 per month in lieu of all criminal fees, and allowed such officers to retain in addition all civil.fees. Statutes 1909, p. 144, c. 127. In 1921, the

legislature by a special act (Stats. 1921, c. 247) made an attempt to reduce the compensation of such officers from $150 per month to $5 per year. This attempt was thwarted by our decision in Moore v. Humboldt County, 46 Nev. 220, 204 P. 880, 210 P. 401, supra.

In Moore v. Humboldt County, 48 Nev. 397, 232 P. 1078, supra, we held that the legislative power to fix the compensation of township officers could not be delegated to boards of county commissioners as was attempted to be done by the act of 1919. Statutes of 1919, p. 395, c. 220. These decisions may be said to be the source of the litigation involving the compensation of constable for Lake Township when it became a part of Pershing County. In the case of Cawley v. Pershing County, supra, we reversed our holding in Moore v. Humboldt County, 48 Nev. 397, 232 P. 1078, supra, and held that the statute of 1919 was not an unconstitutional delegation of legislative power under the constitution, article 4, sec. 32, *as amended,* and that the act of 1919 was not in conflict with the constitution, art. 4, sec. 20, restricting legislative powers.

Having upheld the act of 1919 in the first case of Cawley against Pershing County, the legal question now presented is whether a judgment granting to Cawley as constable for Lake Township a salary of $150 per month from January to August, inclusive, 1923, can be sustained. The question arises out of a resolution approved by the board of county commissioners of Pershing County in July, 1922, fixing the compensation of constable for Lake Township at $1 per year for the ensuing term of four years. The proper solution of the question involves the interpretation and the application of the act of 1919 uninfluenced by the act of 1909 relative to the compensation of certain township officers in Humboldt County.

Section 1 of the act of 1919 reads:

"The board of county commissioners of each county, during the month of July of any year in which an election of township officers is held, shall fix the compensation of such officers for the ensuing term, and which

shall be a salary or the fees as now allowed to such officers by existing enactments or as shall be fixed by subsequent enactments, and in case of failure of said boards to fix such compensation as above provided, then the compensation of such officers shall be the same as received by their immediate predecessors in office."

Section 2 of the act reads:

"All acts or parts of acts, either general or special, in conflict herewith, are hereby repealed."

Michael Cawley was elected constable for Lake Township at the general election held in November, 1920, and was elected to succeed himself as constable at the general election held in November, 1922. Apparently during both terms of his office Cawley was advised that he was entitled to a salary of $150 per month and all civil fees as provided in the act of 1909, and to recover the sum of $150 per month he brought two actions against Pershing County. Each case was submitted to the court below for decision upon the pleadings with the result that Cawley was awarded judgment for the full sum demanded in each complaint, which in the present case was for the sum of $1,050, less $1. In the present case it was stipulated that the law as established in the case of Cawley v. Pershing County, supra, then undecided should control this case.

Upon the authority of Cawley v. Pershing County, supra, we are of the opinion that the judgment in favor of Cawley for the sum of $1,049 must be reduced to the sum of $699, for the reason that the resolution of the board of county commissioners of July, 1922, fixing the compensation of the office of constable for Lake Township, was not in compliance with the provisions of the act of 1919 and is void. A salary of $1 per year is tantamount to no salary at all (Moore v. Humboldt County, 46 Nev. 220, 204 P. 880, 210 P. 401, supra) and, the board of county commissioners having failed to fix any compensation for the office of constable, either a salary or fees, as provided in the act of 1919, under the terms of said act Cawley is entitled to the same compensation as was received by his immediate predecessor in office,

who, in this instance, was Cawley himself. That compensation was $100 per month. Consequently, nothing remains for us to do but to modify the judgment appealed from by reducing it to $699.

Such is the order.

[Pending on petition for rehearing.]