An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN BONAVENTURA,
INDIVIDUALLY, AND IN HIS
CAPACITY AS AN ELECTED
OFFICIAL LAS VEGAS TOWNSHIP
CONSTABLE,
Appellant,
vs.
BOARD OF COUNTY
COMMISSIONERS, CLARK COUNTY,
A POLITICAL SUBDIVISION OF THE
STATE OF NEVADA,
Respondent.

No. 65898

FILED

DEC 0 2 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying declaratory and injunctive relief in an action challenging the constitutionality of a statute and ordinance abolishing the Las Vegas Township Constable Office. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

Clark County staff prepared a proposed amendment to the Clark County Code of Ordinances, which would abolish the Office of the Constable for the Las Vegas Township. An agenda item was prepared and appeared on the agendas of the next three meetings of respondent Board of County Commissioners, Clark County. The Board passed the proposed ordinance after holding a public hearing.[1]

---

[1]The facts and procedural history are known to the parties and will not be recounted further except as is necessary for our disposition.

15-36662

Appellant John Bonaventura, individually and as the Las Vegas Township Constable, argues, among other claims, that (1) the ordinance violated his due process rights, (2) the district court erred in sanctioning his counsel, and (3) the district court erred in denying injunctive relief. We conclude that these arguments lack merit, and therefore affirm the district court's order.

*Due process*

The agenda items referenced a "finding" that had been made by the Board, and, because this "finding" was not made public, Bonaventura argues that there was no meaningful opportunity for him to review, question, and be heard on its validity and accuracy.

"Substantive due process guarantees that no person shall be deprived of life, liberty or property for arbitrary reasons." *Allen v. State*, 100 Nev. 130, 134, 676 P.2d 792, 794 (1984). The first part of a substantive due process analysis is "whether the interest at stake . . . is constitutionally protected." *See Mosley v. Nev. Comm'n on Judicial Discipline*, 117 Nev. 371, 378, 22 P.3d 655, 659 (2001). Notably, the constable position is not a constitutionally created position. *Moore v. Humboldt Cty.*, 46 Nev. 220, 224-25, 204 P. 880, 881 (1922) (explaining that the constitution only provides for the election of county clerks, county commissioners, county recorders, sheriffs, district attorneys, public administrators, and county surveyors), *rev'd on other grounds on reh'g*, 46 Nev. 220, 210 P. 401 (1922). *But see Anthony v. State*, 94 Nev. 338, 341, 580 P.2d 939, 941 (1978) (permitting the "use [of] population as a criterion in effecting a law which may nevertheless be deemed a general law"); *Clark Cty. By and Through Bd. of Cty. Comm'rs v. City of Las Vegas By and Through Bd. of City Comm'rs*, 97 Nev. 260, 264, 628 P.2d 1120, 1122

(1981) ("Nor is such an enactment in violation of the Nevada Constitution, art. 4, s 25, which requires a uniform system of county and township government as long as the use of the population criteria is rationally related to the subject matter and does not create an odious or absurd distinction.").

Bonaventura was elected and accepted the position of constable in 2011 with knowledge that Clark County could abolish the office pursuant to NRS 258.010(3)(b). Thus, we conclude that Bonaventura does not have a property interest in his constable position, so the ordinance did not violate his due process rights. *See Shamberger v. Ferrari*, 73 Nev. 201, 206-07, 314 P.2d 384, 386-87 (1957) (holding that surveyor general incumbent did not have a property right to an office, which, by statute, could be abolished even during an incumbent's term).

*Sanction*

After the Board passed the proposed ordinance, Bonaventura attached to his trial brief an affidavit from a Board of County Commissioner describing the ordinance as a prearranged plan to get rid of Bonaventura. The district court struck the Commissioner's affidavit and proposed testimony.

RPC 4.2 provides that "a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so." Sanctions for this rule's violation have included "exclusion of information obtained by ex parte contact, [and] prohibition on the use of such information at trial." *Palmer v. Pioneer Inn Assoc., Ltd.*, 118 Nev. 943, 948, 59 P.3d 1237, 1240 (2002). This court reviews sanctions made by a district court for an abuse

of discretion. *Foster v. Dingwall*, 126 Nev. 56, 65, 227 P.3d 1042, 1048 (2010).

Based on the testimony that Bonaventura, his counsel, and his counsel's paralegal went to see the commissioner to obtain the commissioner's signature on the typed affidavit, we conclude that the district court did not abuse its discretion in finding an RPC 4.2 violation or in sanctioning Bonaventura for the violation.

Bonaventura argues that the commissioner is a whistleblower, and NRS 281.631(1),[2] which is a part of Nevada's whistleblower statutory scheme, prohibited the district court from blocking the disclosure of inappropriate governmental action. Bonaventura cites to *Van Asdale v. International Game Technology*, 577 F.3d 989 (9th Cir. 2009) to support his contention that the whistleblower statute overcomes the attorney-client privilege. However, we conclude that this case is distinguishable from *Van Asdale*. In *Van Asdale*, the attorney-client privilege was based on the relationship between the plaintiffs, defendant's former in-house counsel, who complained that their discharge was retaliatory, and the

---

[2]NRS 281.631(1) provides that

> A state officer or employee and a local governmental officer or employee shall not directly or indirectly use or attempt to use the official authority or influence of the officer or employee to intimidate, threaten, coerce, command, influence or attempt to intimidate, threaten, coerce, command or influence another state officer or employee or another local governmental officer or employee, as applicable, in an effort to interfere with or prevent the disclosure of information concerning improper governmental action.

defendant. 577 F.3d at 995. In that case, the defendant argued, and the court rejected, the premise that the attorney-client relationship alone should be a bar to the lawsuit as plaintiffs were privy to privileged material. Disparately, the attorney-client privilege that Bonaventura is attempting to overcome concerns the relationship between a commissioner of the Board, who is a member of the defendant County Board of Commissioners in this case, and the Board's counsel.[3] As such, we conclude this case is inapplicable here.

*Injunctive relief*

This court reviews a denial of request for injunctive relief for abuse of discretion. *Comm'n on Ethics v. Hardy,* 125 Nev. 285, 291, 212 P.3d 1098, 1103 (2009). "Permanent injunctive relief may only be granted if there is no adequate remedy at law, a balancing of equities favors the moving party, and success on the merits is demonstrated." *Chateau Vegas Wine, Inc. v. S. Wine & Spirits of Am., Inc.,* 127 Nev. 818, 824-25, 265 P.3d 680, 684 (2011), *as corrected on denial of reh'g* (Apr. 17, 2012). While questions of statutory construction are reviewed de novo, "[a] district court's findings of fact are accorded deference[ ] . . . unless they are clearly erroneous and not based on substantial evidence." *Id.* at 825, 265 P.3d 684 (internal quotation marks omitted).

Based on our review of the record, our determination that the district court considered the language set forth in the in the agenda item,

---

[3]Additionally, while the district court prohibited the commissioner from disclosing improper governmental action within the confines of Bonaventura's suit, the commissioner was able to disclose this information in other ways. In fact, the commissioner contacted a newspaper and shared the information that was in the affidavit.

SUPREME COURT
OF
NEVADA

(O) 1947A

and our foregoing conclusions in this order, we conclude that Bonaventura cannot demonstrate future success on the merits. Therefore, the district court did not abuse its discretion in denying injunctive relief.[4]

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                               Douglas

_____, J.          _____, J.
Cherry                                    Saitta

_____, J.          _____, J.
Gibbons                                   Pickering

---

[4]Bonaventura raises the following additional arguments on appeal: (1) Clark County Ordinance 2.15.010 and NRS 258.010(3) are unconstitutional, and (2) the Board enacted the ordinance in violation of Nevada's Open Meeting Law. We conclude that Bonaventura's constitutionality argument lacks merit. With regard to his argument that the Board violated Nevada's Open Meeting Law, Bonaventura provides no discussion or analysis of his cited authorities, and as such, we decline to address this argument. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that this court need not consider claims that are not cogently argued).

cc:    Hon. Rob Bare, District Judge
       Robert B. Pool
       Clark County District Attorney/Civil Division
       Eighth Judicial District Court Clerk